# CHARLESTON.

MARMET GAS COMPANY *v.* TOWN OF MARMET *et al.*

(No. 5745)

Submitted November 17, 1926.   Decided November 23, 1926.

ESTOPPEL—GAS—*Municipality, Permitting Gas Company Without Franchise to Make Expenditures, May be Estopped to Prevent Maintenance of Pipe Line System; Gas Company May Not, Without Permission of City, Extend System (Code, c. 47, § 28).*

Where a municipality has permitted a company, without a franchise, to expend a considerable sum in supplying its inhabitants with gas, the municipality may be estopped to prevent the company from maintaining its pipe line system as established.

Appeal from Circuit Court, Kanawha County.

Suit by the Marmet Gas Company against the Town of Marmet and others for an injunction. From a decree dissolving an injunction, plaintiff appeals.

*Reversed; injunction modified and perpetuated.*

*Townsend, Bock & Cohen* and *H. D. Rummel,* for appellant.
*Alexander Falconer* and *England & Ritchie,* for appellees.

HATCHER, JUDGE:

The Marmet Gas Company has been engaged in furnishing gas to a part of the town of Marmet since 1919. The town

was incorporated in 1921. The Company has never had a franchise or permit from the town authorities. Prior to incorporation, the highway through the town was used by the Company with the permission of the County Court of Kanawha County. In November of 1925 the company was served with a notice from the town council "to refrain from digging up any of the streets or alleys in said town of Marmet or placing gas pipes or other obstructions whatsoever within the limits of said streets and alleys until authorized so to do in the manner provided by law." The company thereupon obtained an injunction from the circuit court of Kanawha County, forbidding the officers of the town to interfere with the company, not only in maintaining its present system, but in making extensions. In answering the injunctive proceedings, the town alleged that the company had no right to use the streets, and prayed that the company be enjoined from such use for any purpose, until it obtained permission from the town. The cause was heard upon the bill, affidavits and answer, and the injunction was dissolved.

Further detail of pleading and fact is not necessary, as counsel for both parties, in oral argument before this court, receded in part from their positions in the lower court. Counsel for plaintiff stated that all the company now seeks is to maintain, with necessary repairs, its present pipe line system. Counsel for defendant stated that all the town now demands is that the company cease extending its lines unless municipal authority to do so be granted.

A decision in accordance with these modified demands will be an equitable adjustment of this cause. Plaintiff has been allowed to proceed with its plan to supply gas to the town, and to make considerable outlay of money. As long as its system is maintained, the comfort, health, and even safety of its customers require that it be permitted to occupy the streets to the extent necessary for ordinary repairs. A proper use of the streets by it will interfere very little, if any, with the public use. The defendant has known of the development of plaintiff's system and has seemingly acquiesced therein. It would be inequitable now for the municipality to hamper

seriously the plaintiff's business. *Despard* v. *Despard,* 53 W. Va. 443; *Mann* v. *Peck,* 45 W. Va. 18; *Rr. Co.* v. *Town of Triadelphia,* 58 W. Va. 487; McQuillin, Municipal Corp. par. 1687. On the other hand, the plaintiff has no right to use the streets of the town for extending its system, or to interfere seriously with the use of the streets by the public, in repairing its present system, without the permission of defendant. Code, Ch. 47, Sec. 28; McQuillin, *Supra,* Sec. 1629.

The decree dissolving the injunction will be reversed, the injunction modified to conform to the views herein expressed, and as modified, perpetuated.

*Reversed; injunction modified and perpetuated.*