16504

DeTREVILLE *ET AL.* v. GROOVER, MAYOR, *ET AL.*
(65 S. E. (2d) 232)

314

*Messrs. Irvine F. Belser, Townsend M. Belser, and Walter J. Bristow, Jr.,* of Columbia, *for Appellants,*

*Messrs. Cooper & Gary,* and *D. McK. Winter,* of Columbia, *for Respondents,*

316

May 17, 1951.

OxNER, Justice.

This action was brought in the County Court of Richland County by William DeTreville and others against the Mayor and Councilmen of the Town of Forest Acres to enjoin the enforcement of the following ordinance which was enacted by the Town on March 7, 1950:

"Section 1. That it shall be unlawful for any person, firm, corporation or water district to sell water except water purchased from the Town of Forest Acres or Public Works Commission thereof, for use in any home, business place or elsewhere within the limits of the Town of Forest Acres. The language hereinabove used to be construed that the furnishing of water to a tenant shall constitute a sale and purchase of water.

"Section 2. It shall be unlawful for any person, firm, or corporation to purchase water except water purchased from the Town of Forest Acres or the Public Works Commission thereof, for use in any home, business establishment or other place within the limits of the Town of Forest Acres.

"Section 3. Upon conviction of violation of Section 1 or 2 of this Ordinance there shall be a penalty of not more than $100.00 fine or imprisonment for not more than thirty (30) days and each day shall constitute a separate offense. In order to eliminate doubt it is the intention to impose the penalty herein provided upon both the purchaser and seller of water in conflict with the terms of this Ordinance.

"Section 4. The provisions of this Ordinance shall become effective May 1, 1950.

"Section 5. If any provision of this Ordinance or the application thereof to any person or circumstance shall be held invalid, it is the intention that the remaining sections, provisions or parts shall remain in full force and effect."

The same relief is sought in two other cases commenced in the County Court for Richland County entitled *Forest Land Company v. Groover* and *Heinitsh v. Town of Forest Acres*. The three cases have been appealed to this Court. S. C. 65 S. E. (2d) 242; S. C. 65 S. E. (2d) 243. They were heard together on oral argument and all issues involved will be discussed in this opinion. For convenience, the three actions will hereinafter be referred to as the *DeTreville case, The Forest Land Company case* and the *Heinitsh case*. In order to understand the numerous question before this Court, it will be necessary to separately review the pleadings, motions and orders in each action.

### The DeTreville Case

This action was commenced on April 29, 1950. The plaintiffs are residents of the Town of Forest Acres. They allege in their complaint that for a long period of time they have been obtaining water from a district created under an act of the General Assembly, which is the only satisfactory source from which they could obtain same; that the Town has not been, and is not now, in a position to provide this essential service; that the enforcement of said ordinance would deprive them of water and result in the taking of their property without due process of law; and that the ordinance is "illegal, null and void and in derogation of the statutory and other laws of this state". On this complaint, which was verified, the County Judge issued a temporary restraining order and required the defendants to show cause before him on May 10, 1950, why they should not be enjoined during the pendency of the action from enforcing the terms of said ordinance.

The defendants moved to dismiss the action upon the ground that the complaint failed to state facts sufficient to constitute a cause of action. They also filed a return and demurrer in which, after challenging the jurisdiction of the Court upon the ground that the amount involved exceeded its jurisdiction, it was alleged that the Town of Forest Acres

was incorporated in 1935 and four or five years later established a waterworks system which has always been, and is now, able to furnish water to its residents; that said system has a present value of $75,000.00, against which there is indebtedness outstanding of approximately $10,000.00 secured by the revenues of said water system; that no franchise has ever been granted by said Town to any water district or water company to operate within its limits; that any agency supplying plaintiffs with water is being illegally operated; and that the Town had full authority to pass the ordinance in controversy and to prevent others from selling water in competition with its municipally controlled water system.

At the hearing held on May 10, 1950, the Forest Acres Extension Water District and Sub-district F of the Greater Columbia Water and Sewerage District appeared and moved that they be made parties plaintiff to the action. This motion was granted and a decision on the issuance of an injunction *pendente lite* was postponed.

On May 15, 1950, pursuant to the above order, a complaint was filed by the Forest Acres Extension Water District in which, after adopting the allegations of the plaintiffs' complaint and joining in the prayer thereof, it was alleged that the Forest Acres Extension Water District was a duly organized public water district; that it had constructed with the consent and acquiescence of the local authorities a water main through the Town of Forest Acres, to which there had been extensions and connections for supplying water to residents in and adjacent to the area designated as Forest Acres; and that the Town, having sanctioned and acquiesced in the construction of said water lines, is now estopped from objecting to the use of said lines for the purpose of selling water in the areas above mentioned. It was further alleged that said water lines had been leased to Sub-district F of the Greater Columbia District. As a further defense it was alleged that the majority of the electors had not approved

the incorporation of the Town of Forest Acres and, therefore, the Town had not been legally incorporated.

Sub-district F of the Greater Columbia District, a water and sewerage district created by Act No. 654 of the 1949 Acts of the General Assembly, 46 St. at L. 1577, duly filed a complaint in accordance with the permission granted by the Court on May 10th. After adopting the allegations of the complaint filed by DeTreville and others and joining in the prayer thereof, it alleged that by lease or assignment it was in possession of and now operating a water distribution system serving a portion of the Town of Forest Acres and certain adjacent territory; that the lines used by it had been laid with the permission and acquiescence of the local authorities for the purpose of distributing water in the area served; that the Town was estopped from objecting to said lines being used to sell and distribute water, particularly as to those homes where said water service had already been installed; and that its facilities were the only ones available to furnish water to certain residents of the Town of Forest Acres. This plaintiff further alleged that it was specifically authorized by statute to serve a portion of the Town of Forest Acres and that the Town was without authority to pass any ordinance in conflict with the powers granted by the legislature. An attack was also made in this complaint upon the validity of the corporate existence of the Town.

At a hearing held before the County Judge on June 10, 1950, there was introduced in evidence from the office of the Clerk of Court for Richland County Judgment Roll No. 31347 relating to the creation of the Forest Acres Extension Water District. This record shows that said district was duly established during the fall of 1947 in accordance with Chapter 163-F of the 1942 Code, Sections 8555-131 to 8555-140, inclusive. It is provided by this statute that no district formed thereunder shall embrace any part of an incorporated village or city.

At the above hearing there was also offered in evidence from the office of the Clerk of Court Judgment Roll No.

28183 showing certain proceedings had during 1942 in the County Court for Richland County in the case of *Groover v. Town of Forest Acres*. It appears from this record that in 1941 the Town of Forest Acres agreed for the General Land Company to connect with its water line for the purpose of serving certain property owners within the Town and in an adjacent area known as Forest Acres Extension. An action was thereafter brought for the purpose of enjoining the Town of Forest Acres from selling water except through its own meters and service connections and from selling water for use outside the Town. It seems that this proceeding resulted in a consent decree under the terms of which the contract between the Town and the General Land Company was cancelled and the General Land Company agreed to install, or have installed, an independent water distribution system to serve Forest Acres Extension, but until this could be done the Town agreed to continue supplying water to this area.

There was also introduced in evidence at the above hearing a plat showing the location of the water lines in the Town of Forest Acres.

Upon the foregoing evidence and the verified pleadings, the County Judge, on June 22, 1950, issued an order restraining the Town from enforcing the terms of the ordinance in controversy during the pendency of said action, upon the plaintiffs' filing bond in the sum of $500.00. The case is here on appeal by the Town from said order.

### The Forest Land Company Case

This action was brought by the Forest Land Company, a South Carolina corporation, against the Mayor and Councilmen of the Town of Forest Acres to restrain the defendants from enforcing the ordinance heretofore mentioned upon the ground that said ordinance is unconstitutional. The summons and complaint, together with a rule to show cause, were served on April 29, 1950, the day on which the DeTreville action was commenced. Plaintiff alleges that it owns

real estate in the Town; that at a great expense it had installed a water system and fire hydrants for the purpose of developing its property located partly within and partly outside the corporate limits of said Town; that it had obligated itself to supply water and furnish fire protection to those who purchased or leased property from it; that it had entered into agreements with the Forest Acres Extension Water District and Sub-district F to furnish water for the maintenance and operation of its system; that the Town is not now, and has not been, in a position to provide water service for said property; that it installed its water system only after the Town "had declared itself unable and unwilling to supply the plaintiff with adequate and necessary water service for the fulfillment of its contracts and development of its property"; "that said installation was made with the full knowledge and acquiescence and tacit approval of the intendant and council of the Town of Forest Acres"; that the enforcement of said ordinance would necessitate a breach in its contractual obligations, would cut off the water supply for many residents of the Town and cause them to be without fire protection, would place an unreasonable and unwarranted burden upon said residents and property owners, and would result in the virtual confiscation of its property without due process of law.

The defendants moved to dismiss the action on the ground that the allegations of the complaint were insufficient to warrant injunctive relief. They also filed a return and demurrer in which, after setting up substantially the same facts and defenses interposed in the *DeTreville case,* it was alleged that the plaintiff did not install its water system until 1948 and did so solely for the purpose of complying with the terms of a decree of the Court rendered in 1943 and contained in Judgment Roll 28183 heretofore mentioned; that the Town was under no obligation to furnish water to those residing beyond its corporate limits; that neither the plaintiff nor any water district was authorized to sell water within the Town of Forest Acres; that the Town has always been, and

is now, able and willing to furnish water to all its residents; that the plaintiff has undertaken, in competition with the municipally owned water system, to collect tapping fees and lay pipes for the purpose of serving various residents of the Town; that the plaintiff's system is illegal and plaintiff should be required to account for all tapping fees and profits made in supplying water within the town limits; and that the Town is entitled to all revenues from the sale of water to its residents for the purpose of discharging the indebtedness incurred by it in establishing the municipally owned water system and meeting other municipal expenses. It was further alleged that any attempt to permit any water company or water district to lay water lines within the Town would be in violation of Section 4, Article 8 of the Constitution.

After the above returns were filed, the Forest Acres Extension Water District and Sub-district F of the Greater Columbia Water and Sewerage District were made parties plaintiff to the action and on May 15, 1950, these intervenors filed complaints almost identical with those filed by them in the *DeTreville case*. They need not again be summarized.

The question of issuance of an injunction *pendente lite* was heard on June 10, 1950, along with the same question in the *DeTreville case*. The same records and documents were offered in evidence, the contents of which have heretofore been reviewed and need not now be repeated. In an order filed on June 17, 1950, the County Judge held that the Court had jurisdiction of the subject-matter, denied the Town's motion to dismiss the action, granted an injunction *pendente lite* upon bond being filed in the sum of $500.00, and referred the case to the Master for Richland County. The Town has appealed from all rulings and holdings made in said order except that portion granting a reference.

## The Heinitsh Case

This action was brought by certain property owners and residents of the Town of Forest Acres to have the ordinance heretofore mentioned declared invalid and to permanently restrain the enforcement thereof. The summons and complaint, together with a temporary restraining order and rule to show cause returnable on June 20, 1950 were served on the defendants on June 7th. It was alleged in the complaint that the plaintiffs have been purchasing water from a legally organized district, which was the only source from which it could be obtained; that the Town has never been able to provide them with water and fire protection; and that the enforcement of said ordinance would deprive them of the use of water for their homes, thereby subjecting them to great loss and damage.

Defendants filed a return and demurrer on June 19, 1950, in which they set forth substantially the same facts and defenses interposed in the *DeTreville case*, including an objection to the jurisdiction of the Court and an assertion that the Town had established a waterworks system which was fully equipped to supply all of its residents with water and that it was unlawful for any water company or district to operate in competition with the municipal system. As additional defenses, it was alleged that the plaintiffs had an adequate remedy at law; that a Court of Equity is without power to enjoin the enforcement of a criminal ordinance; that the parties and issues involved were substantially the same as in the *DeTreville case*, hence the action could not be maintained; and that the Town had never given its consent, as required by Article 8, Section 4 of the Constitution, for anyone to operate a water system within its limits.

The matter came on for hearing on June 20, 1950. Over the objection of the Town. Sub-district F of the Greater Columbia Water District was joined as a party plaintiff. Plaintiffs' counsel moved for judgment on the pleadings. Counsel for the Town stated that such a motion was not in

order, as the case was then before the Court solely on the question of whether an injunction *pendente lite* should be issued. During this hearing counsel for the Town examined two witnesses, one of whom was the Chairman of Sub-district F. He testified that Sub-district F had leased certain water lines belonging to the Forest Acres Extension Water District; that this sub-district had been serving certain residents of the Town "because if we had not, they would have been out of water because they were not able to get water from the Town of Forest Acres"; and that the Water Clerk of the Town of Forest Acres had remarked to him when the sub-district took over the lines: "I am mighty glad you all took them over because we are not able to operate them and furnish water." After hearing this testimony and arguments of counsel, the Court took the matter under advisement and requested the filing of briefs.

On June 22, 1950, an order was filed in which the Court overruled a motion by the Town to dismiss the complaint and continued in effect the restraining order previously issued, provided bond was given by the plaintiffs in the sum of $500.00. On June 24th, the Town gave notice of a motion to consolidate this case with DeTreville and Forest Land Company cases and on the same day filed an answer and counterclaim. The facts and defenses alleged in this answer are substantially the same as those set out in the return previously filed by the Town. It was alleged in the counterclaim that the Forest Land Company, the water district and the individual plaintiffs had joined in an unlawful scheme to operate a water system in the Town in competition with the municipal system. The Town asked that the Forest Land Company be made a party to the action; that the Land Company and the water district be enjoined from selling water within the limits of the Town and the plaintiffs and other residents be enjoined from purchasing water from them; and that the Town have judgment against all of said parties for the damages sustained.

On June 26, 1950, the plaintiffs filed a demurrer to the above answer and counterclaim and also gave notice of a motion for judgment on the pleadings. On July 7th the County Judge issued an order refusing the Town's motion for consolidation of this case with the DeTreville and Forest Land Company cases but ordering that Forest Land Company, William DeTreville and J. J. Jeffers be made parties defendant to the action. On July 10th, the Town served notice of a motion to dismiss the action. This motion, along with several of the others, was heard on July 13th.

On August 3, 1950, an order was filed wherein the Court sustained plaintiff's demurrer to the Town's answer and counterclaim, held the ordinance in controversy invalid, and granted the relief asked for in the complaint. After stating that the question as to the validity of the ordinance was decisive of all other issues in the case, the County Judge held the ordinance invalid upon two grounds:

(1) That it was in conflict with Act No. 654 of the Acts of 1949, 46 St. at L. 1577, which authorized Sub-district F to operate a water system in an area which embraced the Town of Forest Acres. In answering the Town's contention that this Act violated Article 8, Section 4 of the Constitution, which prohibits the General Assembly from granting the right to erect waterworks or lay mains for any purpose "without first obtaining the consent of the local authorities in control of the streets or public places proposed to be occupied", the Court held: (a) That this constitutional inhibition applied only to the granting of a franchise by the General Assembly to a private person, corporation or utility and had no application to the granting of a franchise or right to a quasi-municipal corporation such as Sub-district F. (b) That if this section of the Constitution was applicable to the facts of this case, the requirement as to the consent of the local authorities had been met because the supervisor of Richland County, who had supervision and control of the roads and streets where said water lines were laid, is

designated by said Acts as a permanent member of Sub-district F Water Commission: (c) That the water mains serving the homes of the plaintiffs were laid with the approval and acquiescence of the Town authorities.

(2) That said ordinance was unreasonable, was arbitrarily enacted without any legitimate public purpose, and violated the constitutional guaranty of due process of law. In support of this conclusion, the Court said: "From the testimony and evidence thus volunteered by the defendants, from the admissions of counsel in court, the records of this Court, and on the basis of reasonable inferences and matters of which this Court can properly take judicial notice, I have found that the allegations of fact contained in the complaint are true and correct in all respects material to this case. Such findings include the following facts. The homes and properties of plaintiffs, and other residents and property owners within the 'town' limits of Forest Acres, are beyond the reach of the 'town' water system, and their sole source of an essential and adequate supply of water is from the water lines now being operated by the Greater Columbia District pursuant to the above mentioned act of the Legislature. * * * The facts show that plaintiffs, and others, reside beyond the reaches of the 'town' water system and would be deprived, by the enforcement of said ordinance, of their only source of water to no legitimate purpose whatever."

The Town has appealed from the foregoing order and also several of the intermediate orders mentioned.

Discussion Of The Issues Involved In All Three Cases

The foregoing lengthy review of the proceedings had in these three cases has been necessary for a proper understanding of the questions involve on this appeal. The prolix and repetitious pleadings and numerous unnecessary motions have made it difficult to achieve clarity.

Before entering into a discussion of the main issues, we shall undertake to dispose of several preliminary questions:

We find no merit in the Town's objection to the jurisdiction of the Court. While this question is raised by the exceptions, it is not argued in the briefs and presumably has been abandoned. In any event, we have no hesitancy in saying that the Court had jurisdiction of the subject matter. Section 165 of the 1942 Code, as amended by Act No. 295 of the 1949 Acts of the General Assembly, 46 St. at L. 557.

We think the Court erred in not consolidating the three cases. *Farmers & Merchants National Bank of Lake City v. Foster,* 132 S. C. 410, 129 S. E. 629; *Barrett v. Broad River Power Co.,* 146 S. C. 85, 143 S. E. 650. The suits are in equity. The relief sought in each case is the same, namely, an injunction against the enforcement of the ordinance. The defenses interposed by the Town in each case are generally the same. While the individual plaintiffs are different, all of them are representative of the same class and have a community of interest in the subject-matter. A consolidation would save time and expenses, expedite the final determination of this litigation, and result in no prejudice to any of the parties. We are not unmindful of the rule that a matter of this kind is ordinarily addressed to the sound discretion of the trial court, but we think under the circumstances the Court committed an error of law in refusing the motion for consolidation.

The foregoing conclusion makes it unnecessary for us to pass upon the contention that the *Heinitsh case* should be dismissed because the same issues were involved in the other two cases which had been previously commenced.

Several of the parties challenge the legal existence of the Town of Forest Acres and assail the validity of the proceedings under which it was incorporated. The original charter of the Town was offered in evidence and appears regular on its face. It is clear from the authorities that the validity of the Town's incorporation cannot be questioned in this proceeding. *Green v. City of Rock Hill,*

,149 S. C. 234, 147 S. E. 346; 37 Am. Jur., Municipal Corporations, Section 13, page 631; Annotation 7 A. L. R. (2d) 1407.

The Town asserts that there is no basis in these cases for injunctive relief. It is said that the claimed invalidity of the ordinance may be interposed as a complete defense to any prosecution based thereon and further, that the plaintiffs have an adequate remedy at law by mandamus proceedings to compel the Town to furnish them with water. It is true that ordinarily equity will not intervene for the purpose of restraining the enforcement of a criminal statute or regulatory ordinance providing a penalty for its violation. *Cain v. Daly*, 74 S. C. 480, 55 S. E. 110; *Palmetto Golf Club v. Robinson, Sheriff*, 143 S. C. 347, 141 S. E. 610; *Charleston Oil Co. v. Poulnot, Sheriff*, 143 S. C. 283, 141 S. E. 454, 60 A. L. R. 750; *Stovall v. Sawyer, Chief Highway Commissioner*, 181 S. C. 379, 187 S. E. 821. But, as pointed out in these cases there are exceptions to this general rule, one of which is that equity jurisdiction may be invoked to prevent irreparable injury to property rights. There can be no doubt in this case that if the challenged ordinance is unconstitutional or void, the enforcement thereof would deprive the plaintiffs of the full use and enjoyment of their property and result in irreparable injury. We do not think that the plaintiffs have an adequate remedy at law and were warranted in bringing this suit in a Court of Equity. *Greenville Baseball, Inc., v. Bearden, Sheriff*, 200 S. C. 363, 20 S. E. (2d) 813; *Arnold v. City of Spartanburg*, 201 S. C. 523, 23 S. E. (2d) 735.

We now turn to the question of whether the showing made by the plaintiffs is sufficient to justify an injunction *pendente lite*. The individual plaintiffs base their right to injunctive relief primarily upon the invalidity of the ordinance which they claim is both unreasonable and in conflict with the act of the General Assembly creating Subdistrict F. The Forest Land Company and several of the

other parties, in addition to challenging the validity of the ordinance on the foregoing grounds, set up a plea of estoppel, which is based on a contention that the water lines in controversy were laid with the consent and acquiescence of the town authorities.

It is our view that the showing made by the plaintiffs as to the unreasonableness of the ordinance was alone sufficient to warrant the Court in issuing an injunction *pendente lite*. It was formerly held in this State that if a municipality was empowered to pass an ordinance, the courts could not inquire into its reasonableness. But this rule has been greatly modified by the later decisions and it now seems to be well settled that where the complaint asserts the impairment of constitutional rights, the reasonableness of the ordinance will be inquired into in determining such claim. *City of Columbia v. Alexander,* 125 S. C. 530, 119 S. E. 241, 32 A. L. R. 746; *Henderson v. City of Greenwood,* 172 S. C. 16, 172 S. E. 689; *McCoy v. Town of York,* 193 S. C. 390, 8 S. E. (2d) 905. *Cp. Town of Darlington v. Ward,* 48 S. C. 570, 26 S. E. 906, 38 L. R. A. 326, and *Town of Brunson v. Youmans,* 76 S. C. 128, 56 S. E. 651. It should be added that the power to declare an ordinance invalid because it is so unreasonable as to impair or destroy constitutional rights is one which will be exercised carefully and cautiously, as it is not the function of the courts to pass upon the wisdom or expediency of municipal ordinances or regulations.

In the light of the foregoing principles, is there a *prima facie* showing here that the ordinance in controversy arbitrarily and unreasonably interferes with plaintiff's rights to the use and enjoyment of their property? All of the plaintiffs state in their verified complaints that their only source of water is from Sub-district F and that the Town is not in a position to furnish water for their homes or other property. A plat introduced in evidence tends to show that the municipal water lines do not run to the prop-

erty of the plaintiffs. There was also evidence to the effect that the Water Clerk had stated that the Town was not in a position to supply them with water. Under these circumstances, we think the challenged ordinance would be unreasonable and oppressive as to the plaintiffs or any other residents and property owners to whom the Town is unable to supply water. The enforcement of such an ordinance would deny them the full use and enjoyment of their property. On the trial of the case the foregoing facts may not be substantiated. The Town asserts that it is in a position to adequately serve the water needs of the plaintiffs. These disputed issues of fact can only be determined after the testimony is taken. We only hold now that the showing is sufficient to warrant injunctive relief until there can be, an inquiry into the merits of the controversy.

It follows from the foregoing that in each of the three cases the County Judge was correct in overruling the Town's demurrer and refusing its motion to dismiss the complaint; and that in the *DeTreville* and *Forest Land Company cases,* there was no abuse of discretion in granting an injunction *pendente lite*. However, in the *Heinitsh case* he went further and rendered a final judgment, holding that the ordinance was unreasonable and arbitrarily enacted. We think it is clear that the Court erred in undertaking to pass on the merits of the controversy before the parties were given an opportunity to offer testimony.

Turning now to the question of estoppel, we think the showing on this issue is also sufficient to justify injunctive relief until the case can be determined on its merits. The owners and lessees of the pipe lines supplying plaintiffs with water alleged in their verified pleadings that these water lines were laid at considerable expense with the consent and acquiescence of the Town authorities. The Town denies these allegations and asserts that no such permission was ever given. But here again there are disputed facts that cannot be settled until the testimony is taken.

In addition to the foregoing denial, the Town contends that the asserted estoppel cannot be invoked against a municipality. The case of *Douglas v. City Council of Greenville,* 92 S. C. 374, 75 S. E. 687, 49 L. R. A., N. S., 958, is principally relied upon to sustain this position. In that case the plaintiff purchased a lot and obtained a permit from the building inspector of the City of Greenville to erect and operate a livery stable. He commenced construction but shortly thereafter an ordinance was adopted requiring anyone desiring to operate a livery stable to obtain special permission from the City Council. The plaintiff applied for a permit under said ordinance but it was refused. It was held that the fact that the plaintiff had been granted a permit to construct a livery stable and had incurred considerable expense preparatory to doing so, could not avail against the ordinance. In other words, the Court said that the ordinance was a valid and reasonable exercise of the police power, and that a municipality may not by contract, license or otherwise surrender or restrict any portion of such power.

We do not think the principles laid down in the *Douglas case* apply to the facts now before us. There is no showing that the challenged ordinance was enacted in the exercise of the police power for the purpose of protecting and safeguarding the health, comfort or safety of the residents of the Town. Nor is there any showing that the owners or lessees of these water lines have damaged the streets or interfered in any manner with their maintenance or upkeep. Of course, such circumstances may be established during the trial but from the record now before us, it may be reasonably inferred that the ordinance was designed to prevent other persons or agencies from entering into competition with the Town's municipal water system.

The distinction now sought to be made was pointed out by the Court in *Pendleton v. City of Columbia,* 209 S. C. 394, 40 S. E. (2d) 499, where it was held that after a permit had been granted to erect an addition to a dwelling house

and considerable expense had been incurred by the owners in the construction of said addition, the city could not revoke such a permit in the absence of a showing that the proposed building would adversely affect the health, comfort or safety of the people in the neighborhood. Also, see *Willis v. Town of Woodruff*, 200 S. C. 266, 20 S. E. (2d) 699, 701; where the Court quoted with approval the following: "When once the proper authorities grant a permit for the erection or alteration of a structure, after applicant has made contracts and incurred liabilities thereon, he acquires a kind of property right on which he is entitled to protection; and under such circumstances it is generally held that the permit cannot be revoked without cause or in the absence of any public necessity for such action."

The following is taken from 67 C. J., page 1177: "It has been held that even though there was orginallly no formal authorization for the laying of pipes to supply water by an individual, he may, under certain circumstances, acquire certain rights in this regard as the result of acquiescence by the taxpayers and the municipality and by the latter's recognition of his rights."

The above subject is also discussed in *Marmet Gas Co. v. Town of Marmet*, 102 W. Va. 605, 135 S. E. 839; 38 Am. Jur., Municipal Corporations, Sections 556 and 557, and Annotations found in 7 A. L. R., page 1248 and 89 A. L. R. 619.

Nothing said herein should be construed as any intimation of opinion by us on the merits of the plea of estoppel. We only hold now that under some circumstances a municipality may be estopped in matters of this kind and that enough is alleged in the complaints to warrant inquiry into the merits of the question.

The remaining question is whether the ordinance is invalid, as being in conflict with Act No. 654 of the 1949 Acts of the General Assembly, 46 St. at L. 1577, which creates Sub-district F and authorizes it to operate a water-

works system. The Court below so held. This conclusion is challenged by the Town upon two grounds. It is first contended that the area embraced in this sub-district does not include the Town of Forest Acres. That question cannot be satisfactorily answered on the record before us; its determination will have to await a trial on the merits. It is next contended that if the Town of Forest Acres is included in Sub-district F, any authority given by said act for said sub-district to lay water mains or operate a water system within the Town would be obnoxious to Article 8, Section 4 of the Constitution, which reads as follows: "No law shall be passed by the General Assembly granting the right to construct and operate a street or other railway, telegraph, telephone or electric plant, or to erect water or gas works for public uses or to lay mains for any purpose, without first obtaining the consent of the local authorities in control of the streets or public places proposed to be occupied for any such or like purposes."

The plaintiffs contend that Act No. 654 does not offend Article 8, Section 4 of the Constitution for two reasons: First, it is said that the water lines now being used by Sub-district F were laid with the consent and acquiescence of the local authorities and that the Town is now estopped to assert lack of consent. The statement is also made in some of the briefs that the Town has never undertaken to discharge the municipal function of maintaining and upkeeping its streets. Without undertaking to define the word "consent" as used in this constitutional provision or the mode or manner by which it must be obtained, we think the question as to whether the Town consented, within the contemplation of Article 8, Section 4, to the laying of these water lines and their operation must be left undetermined until the case is tried on its merits. In this connection, under Article 8, Section 5 of the Constitution cities and town may acquire and operate waterworks systems and furnish water to the residents thereof provided such undertaking is approved by

a majority of the qualified electors. The record is silent as to whether there has been any compliance by the Town with Article 8, Section 5.

There is a further contention made by the plaintiffs that the inhibition of Article 8, Section 4 does not apply to a *quasi*-municipality such as Sub-district F. In other words, the plaintiffs argue that this constitutional provision should be construed only as restricting the legislature from granting a franchise to a private person, corporation or utility without first obtaining the consent of the local authorities. It is not at this time certain that it will be necessary to pass upon this question when the case is tried on its merits. Under these circumstances, we shall not undertake now to determine whether the inhibition contained in Article 8, Section 4 of the Constitution applies to the granting of a right or franchise to a *quasi*-municipality. Our refusal now to pass upon this question is sanctioned by the well settled principle of constitutional law that the courts will not pass upon the constitutionality of an act of the legislature if the merits of the case may fairly be determined without doing so. *Ross v. Lipscomb,* 83 S. C. 136. 65 S. E. 451; *American Oil Co. v. Cox,* 182 S. C. 419, 189 S. E. 660; 11 Am. Jur., Constitutional Law, Sections 93 and 94.

The only other question which we now determine is the Town's contention that the amount of the injunction bond in each case is insufficient. We are unable to say that there was ony abuse of discretion in this respect.

Although we have undertaken in this opinion to dispose of various issues in all three cases, it is proper that there should be a separate opinion relating to the mandate in each case.

For the reasons stated, the order appealed from in the *DeTreville case,* granting an injunction *pendente lite,* is affirmed.

FISHBURNE, STUKES, and TAYLOR, JJ., and L. D. LIDE, Acting Associate Justice, concur.