385 S.C. 632 (2009)
686 S.E.2d 683
In re NOVEMBER 4, 2008 BLUFFTON TOWN COUNCIL ELECTION.
Fred Hamilton, Jr., and Allyne Mitchell, Respondents,
v.
Jeff Fulgham, Normand Thomas, and the Beaufort County Board of Elections and Voter Registration of whom Jeff Fulgham and Normand Thomas are Petitioners.
No. 26747.
Supreme Court of South Carolina.
Heard May 13, 2009.
Decided December 7, 2009.
*635 Karl S. Bowers, Jr., A. Mattison Bogan, and M. Todd Carroll, all of Nelson, Mullins, Riley & Scarborough, of Columbia, for Petitioners.
Daniel E. Martin, Sr. and Daniel E. Martin, Jr., both of Charleston, for Respondents.
Chief Justice TOAL.
In this case, Petitioners challenged the results of a municipal election based on irregularities discovered in the voting rolls. The county election board voted to hold a new election, and Respondents appealed to the State Election Commission. The Commission overturned the decision of the county election board, and we granted Petitioners' petition for writ of certiorari to review that decision.

FACTUAL/PROCEDURAL BACKGROUND
On November 4, 2008, an election was held for two seats on the Bluffton Town Council. Respondents Fred Hamilton, Jr., and Allyne Mitchell (together "Respondents") were declared the winners of the election with 1,553 and 1,449 votes, respectively. Petitioners Jeff Fulgham and Normand Thomas (together "Petitioners") received 1,423 and 796 votes, respectively.
On November 6, 2008, Fulgham filed a letter of protest with the Beaufort County Board of Elections and Voter Registration ("County Board"), seeking a new election. Fulgham alleged that approximately one-hundred eligible voters had not been allowed to vote. A hearing was held before the County Board the next day.
At the hearing, Fulgham called Charlie Wetmore, candidate for Town of Bluffton Mayor, to testify. Wetmore testified that he received calls from voters telling him they had not been allowed to vote. Agnes Garvin, Executive Director of the County Board, testified that her review of the voter rolls after the election revealed that there were one hundred sixty-six (166) "coding" irregularities.[1] Garvin could not testify as *636 to how many nonresidents had been allowed to vote. No individual voters were called to testify that they had been disenfranchised and no allegations were made regarding specific non-resident voters who were allowed to vote in the municipal elections.
Based upon this testimony, the County Board voted to hold a new election for mayor and town council on November 18, 2008. Respondents appealed to the South Carolina State Election Commission ("the Commission").
The Commission held a hearing on December 3, 2008. Petitioners argued that the Commission lacked subject matter jurisdiction to review the County Board decision, but that the evidence below supported a ruling on the merits in their favor. The Commission assumed jurisdiction and voted to sustain the election results and reverse the County Board decision to order a new election on the grounds that it was supported by insufficient evidence. Petitioners filed a petition for a writ of certiorari, and we granted certiorari to review the following question:[2]
Did the Commission have subject matter jurisdiction to hear an appeal from a decision of the County Board?

STANDARD OF REVIEW
In municipal election cases, this Court will review the lower decision for errors of law, and will not overturn findings of fact unless those findings are wholly unsupported by the evidence. Gecy v. Bagwell, 372 S.C. 237, 241, 642 S.E.2d 569, 571 (2007).

LAW/ANALYSIS
Petitioners argue that the Commission lacked subject matter jurisdiction to review the decision of the County Board when the County Board adjudicated a municipal election dispute. We agree.
*637 Subject matter jurisdiction is defined as "the power [of a court] to hear and determine cases of the general class to which the proceedings in question belong." Dove v. Gold Kist, Inc., 314 S.C. 235, 237-38, 442 S.E.2d 598, 600 (1994). Issues related to subject matter jurisdiction may be raised at any time. Carter v. State, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998). The lack of subject matter jurisdiction may not be waived, even by consent of the parties, and should be taken notice of by this Court. Anderson v. Anderson, 299 S.C. 110, 115, 382 S.E.2d 897, 900 (1989).
As a general matter, municipal election disputes are to be adjudicated by municipal election commissions. S.C.Code Ann. § 5-15-130 (2004). Appeals from municipal election commissions are heard by the circuit court. S.C.Code Ann. § 5-15-140 (2004).
County boards are directed by statute to "decide all cases under protest or contest that arise in their respective counties in the case of county officers and less than county offices, except for primaries and municipal elections." S.C.Code Ann. § 7-17-30 (Supp.2008). However, municipalities that choose not to establish their own election commissions are authorized to transfer the authority to conduct their municipal elections to the county election commission. S.C.Code Ann. § 5-15-145(A) (2004). The statute requires that in order to effectuate this transfer, the governing bodies of the municipality and the county must agree to the terms of the transfer and enact ordinances embodying the terms of the agreement. S.C.Code Ann. § 5-15-145(B) (2004). The municipal ordinance must state what authority is being transferred and the county ordinance must accept the authority being transferred. Id. If only a portion of the municipality's authority for election oversight is transferred to the county, the municipality must maintain its own election commission. S.C.Code Ann. § 5-15-145(D) (2004).
Beaufort County's ordinance accepting the transfer of municipal election authority from the Town of Bluffton provides:[3]

*638 (a) The [County Board] accepts the transfer of authority to conduct all general and special elections of the Town of Bluffton. The Town of Bluffton Municipal Elections transfers to the [County Board] the following authority, responsibilities, and agreement for reimbursement of expenses associated with conducting the Town of Bluffton's General and Special Municipal Elections:
....
(c) The [County Board] shall designate all polling places, the inspection and visitation of polls during election day, the recruitment and assignment of poll managers, securing telephones for the polling precincts, the hearing of challenged ballots and ruling on any protests and/or complaints regarding the election or its procedures, and the certification of the election results.

Beaufort County Code of Ordinances § 30-3 (emphasis added).
As mentioned above, appeals from municipal election commissions are to be filed in circuit court. Section 5-15-140. Appeals from county election boards are to be made to the South Carolina State Election Commission. S.C.Code Ann. § 7-17-60 (2004). However, these statutes do not speak to the question of where an appeal must be filed from a judgment on a municipal election dispute that is decided by a county election board.
*639 Petitioners argue that there is an ambiguity in the statute and the clear intent of the legislature in drafting these statutes was to prevent challenges of municipal elections from being considered by the Commission. Petitioners' contention can be summarized to say that when a county board hears a municipal election dispute pursuant to a transfer of authority, the county board "stands in the shoes" of the municipality.
Respondents contend that because the Town of Bluffton does not have its own process for appealing from an election, the County Board's process controls. Furthermore, Respondents argue that they filed an appeal with the Commission at the direction of the Executive Director of the County Board, and that Petitioners failed to object to jurisdiction at the hearing.
We find Petitioners' argument persuasive for two reasons. First, just as subject matter jurisdiction cannot be waived or conferred by agreement of the parties to an action, it cannot be conferred at the direction of a county official. Brown v. State, 343 S.C. 342, 346, 540 S.E.2d 846, 848 (2001). Furthermore, subject matter jurisdiction may also be raised at any time, and it is properly contested in this appeal even if it was not raised below. Id.
Second, we find a statutory ambiguity exists. The cardinal rule of statutory construction is to ascertain the intent of the legislature. Hodges v. Rainey, 341 S.C. 79, 85, 533 S.E.2d 578, 581 (2000). If a statute's language is plain and unambiguous, and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the Court has no right to look for or impose another meaning. Miller v. Doe, 312 S.C. 444, 447, 441 S.E.2d 319, 321 (1994). However, where a statute is ambiguous, the Court must construe the terms of the statute according to settled rules of construction. Lester v. S.C. Workers' Compensation Comm'n, 334 S.C. 557, 561, 514 S.E.2d 751, 752 (1999). "It is well settled that statutes dealing with the same subject matter are in pari materia and must be construed together, if possible, to produce a single, harmonious result." Joiner ex *640 rel. Rivas v. Rivas, 342 S.C. 102, 109, 536 S.E.2d 372, 375 (2000).
Our reading of the relevant statutes reveals a number of instances where ambiguities arise. First, although § 5-15-145 establishes a clear framework for the transfer of authority from municipalities to county election boards, it fails to provide a procedure for protests and appeals in these circumstances. Furthermore, while there are statutes setting forth the procedure for contesting municipal election results, those statutes refer to contests filed with, and the filing of appeals from, a municipal election system. Lastly, although a county board is authorized to assume the authority to conduct a municipal election, it is specifically prohibited from deciding a protest or contest arising from such an election. S.C.Code Ann. § 7-17-30.
We must construe these statutes together to determine legislative intent. See Rivas, 342 S.C. at 109, 536 S.E.2d at 375. We begin our analysis with § 7-17-30, which states plainly that county boards cannot decide protests or contests arising from municipal elections. Sections 5-15-130 and 5-15-140 also make it clear that the standard procedure for contesting a municipal election is to file a protest with the municipal election commission and thereafter seek review of that decision in the court of common pleas.
The construction urged by Respondents, in our view, would lead to a result not intended by the legislature. Specifically, Respondents' position would result in different methods of protest and appeal of municipal elections depending on whether the municipality's elections were conducted by a municipal election commission or a county board.
Construing these statutes together, we therefore hold that the only reasonable interpretation of § 5-15-145 is that it establishes a framework whereby county boards act pursuant to authority bestowed upon them by municipal bodies. Therefore, the proper appellate court for any petitioner seeking review of a county board's decision made pursuant to a transfer of authority from a municipality is the circuit court. We therefore hold that Respondents erroneously filed their *641 notice of appeal with the Commission and hereby vacate that decision.
Recognizing the ambiguity in determining the proper appellate tribunal in a municipal election protest initially submitted to a county board and the fact that Respondents timely filed their notice of appeal with the Commission, we elect to invoke Rule 204(a), SCACR. Rule 204(a) provides that "[i]n the event that the notice of appeal is filed in the wrong appellate court, the appellate court in which the matter is filed shall issue an order transferring the case to the appropriate appellate court." In invoking Rule 204(a), we are guided by the principle that courts should not interpret procedural rules to create a trap for unwary lawyers.[4] Vacating the judgment of the Commission and transferring this case to the circuit court will serve the ends of justice by ensuring that the election challenge is heard in the proper appellate forum.

CONCLUSION
Accordingly, we declare the Commission's decision void for lack of subject matter jurisdiction. We vacate the judgment of the Commission and remand the matter to the Beaufort County circuit court for consideration of Respondents' challenge to the decision of the County Board.
VACATED AND REMANDED.
WALLER, KITTREDGE, JJ., concur.
BEATTY, J., dissenting in a separate opinion in which PLEICONES, J., concurs.
Justice BEATTY.
I respectfully dissent. In my view, construction of the relevant statutes clearly leads to the conclusion that the *642 legislative intent is that county boards of elections shall not be involved in municipal elections unless invited to do so by a particular municipality. County board involvement is limited to the extent of authority granted by the municipality. The authority granted to the county board of elections is required to be evident in ordinances passed by both municipal and county governing bodies.[5]
I find no ambiguity in the statutes or statutory scheme. Appeals from municipal election commissions are heard in the circuit court. S.C.Code Ann. § 5-15-140 (2004). Appeals from county boards of elections are heard by the South Carolina State Elections Commission. S.C.Code Ann. § 7-17-60 (2004). The Legislature is presumed to know that it authorized county boards to conduct municipal elections when requested and agreed upon. Yet, section 7-17-60 does not include an exception for municipal elections appeals.
The decision that the State Elections Commission did not have jurisdiction disregards two points:
1) This is an appeal of a county board's decision to the State Election Commission, and there is no authority for the appeal of the county board's decision to the circuit court. The State Elections Commission has subject matter jurisdiction to hear appeals from county boards.
2) The conundrum created by section 7-17-30. Bluffton does not have an elections commission to hear protests or contests. Section 7-17-30 prohibits county boards from deciding protests and contests of municipal election. Under the majority's construction, Bluffton could transfer all aspects of its elections process to the county board except for protests and contests. Yet, section 5-15-145 authorizes a municipality to discontinue its elections commission when it transfers all of its election functions to the county board.
*643 In my view, the legislative intent is that section 7-17-30's bar to county boards deciding municipal election protests is not applicable to cases where the municipality has transferred its elections authority to the county board. Congruently, section 5-15-140 is not applicable and any appeal should be to the State Elections Commission not to the circuit court. Moreover, this is not an appeal from a municipal election commission. Section 5-15-140 only applies to appeals from municipal elections commissions.
The Town of Bluffton's elections were conducted by the Beaufort County Board of Elections and Registration. Any appeal should be taken to the State Elections Commission. It is clear that the State Elections Commission has jurisdiction to hear appeals from county boards of elections.
A holding that the State Election Commission lacked jurisdiction due to an ambiguous statutory scheme is to create ambiguity where there is none and, thus, complicates an otherwise clear and simple election process.
I would dismiss certification as improvidently granted.
PLEICONES, J., concurs.
NOTES
[1] "Coding" refers to the practice of denoting voters with a number to indicate whether they lived in Bluffton and were eligible to vote in the municipal elections.
[2] Petitioners also presented the question of whether the Commission erred on the merits of its decision to overturn the County Board. However, because we find that this matter is foreclosed on the issue of subject matter jurisdiction, we decline to answer that question here.
[3] Both parties premised their arguments on the fact that the Town of Bluffton transferred all authority to conduct this municipal election to Beaufort County and that Beaufort County accepted this authority. To be sure, neither party has challenged the County Board's authority to hear the election protest at any point in this litigation. What is at issue before us is in which tribunal Respondents were required to file their appeal. For this reason, although the dissent is correct in stating that courts will not take judicial notice of a municipal ordinance, this principal of law is simply not applicable under the facts of this case. Compare Harkins v. Greenville County, 340 S.C. 606, 616, 533 S.E.2d 886, 891 (2000) (declining to take judicial notice of an ordinance regarding zoning appeals which was not included in the record where such ordinance could have invalidated the challenged ordinance) and Kincaid v. Landing Dev. Corp., 289 S.C. 89, 92-93, 344 S.E.2d 869, 872 (Ct.App. 1986) (holding the trial court erred in charging the jury that violations of a standard building code is negligence per se where plaintiffs failed to offer evidence that the municipality passed an ordinance adopting the building code because courts will not take judicial notice of an ordinance).
[4] Elam v. South Carolina Dept. of Transp., 361 S.C. 9, 602 S.E.2d 772 (2004) (holding civil procedure and appellate rules should not be written or interpreted to create a trap for the unwary lawyer or party); Gamble v. State, 298 S.C. 176, 178, 379 S.E.2d 118, 119 (1989) (stating rules applicable to post-conviction relief actions should not be construed in manner which operate as a trap for the unwary lawyer).
[5] The record before us does not contain a Town of Bluffton ordinance authorizing the County Board of Elections and Registration to conduct Bluffton's elections. This is problematical to Appellant's case given this Court is not allowed to take judicial notice of a municipal ordinance. Instead, the ordinance must be proved before the lower court or tribunal. Steinberg v. South Carolina Power Co., 165 S.C. 367, 163 S.E. 881 (1932). Arguably, the county board's decision should be vacated.