705 S.E.2d 51

The **STATE**, Appellant,

v.

Harry **OXNER**, Respondent.

No. 26915.

Supreme Court of South Carolina.

Heard Sept. 21, 2010.

Decided Jan. 24, 2011.

Robert J. Stephenson, IV, of Columbia, for Appellant.

Deborah Harrison Sheffield, of Columbia, and Robert L. Lumpkin, Jr., of Lumpkin, Oxner & Stacy, of Georgetown, for Respondent.

Justice PLEICONES.

Respondent was convicted in magistrate's court of preparing a baited dove field in violation of S.C.Code Ann. § 50–1–10 (2008) and appealed to circuit court. After a hearing, the circuit court judge issued a written order requiring that respondent's conviction be "reversed and dismissed" based upon her *sua sponte* conclusion that the magistrate's court lacked subject matter jurisdiction over the charge. The State did not challenge that order in the circuit court but instead brought this appeal. We affirm the circuit court's dismissal as the State has failed to preserve any issue related to that ruling for our appellate review.

The State argues, and respondent agrees, that the circuit court erred in concluding that respondent's magistrate's court conviction for violating § 50–1–10 was void for lack of subject matter jurisdiction. Respondent argues, however, and we agree, that review of the merits of the State's appeal is barred because the State failed to ask the circuit court judge to reconsider her decision before appealing.

## ISSUE

Whether a party may appeal an erroneous subject matter jurisdiction ruling without first preserving the issue for appellate review?

134

## ANALYSIS

■ We begin by correcting the State's mischaracterization of respondent's appeal in the circuit court. Specifically, the State argues this criminal appeal is not subject to the South Carolina Rules of Civil Procedure. In making that argument, the State ignores S.C.Code Ann. § 18-3-10 (Supp.2009) which provides that criminal appeals from magistrate's court are made to the Court of Common Pleas. Further, under the SCRCP, these appellate "proceedings in the circuit court shall be in accordance with [the SCRCP]." Rule 74, SCRCP.[1]

The State next argues that because subject matter jurisdiction can be raised at any point in the litigation, including *sua sponte* by the court,[2] it was not obligated to ask the circuit court judge to reconsider her ruling before appealing to this Court. We disagree.

■ "[A]ll this Court has ever required is that the questions presented for its decision must first have been fairly and properly raised to the lower court and passed upon by that court." *Hubbard v. Rowe,* 192 S.C. 12, 5 S.E.2d 187 (1939). An argument that is not raised to an intermediate appellate court is not preserved for review by this Court. *United Dom. Realty Trust v. Wal–Mart Stores, Inc.,* 307 S.C. 102, 413 S.E.2d 866 (Ct.App.1992). Even though subject matter jurisdiction may be raised at anytime, there is no error preservation exception allowing a party to bypass calling an erroneous ruling to the attention of the tribunal making it before appealing that ruling to a higher court. *Compare Dunlap & Dunlap v. Zimmerman,* 188 S.C. 322, 199 S.E. 296 (1938) (once the issue of subject matter jurisdiction has been decided adversely to a party, he must preserve his exception or be barred from raising the issue later); *cf. DeTreville v. Groover,* 219 S.C. 313, 65 S.E.2d 232 (1951) (party abandoned subject matter jurisdiction issue by failing to argue it in brief).

---

1. We overrule *State v. Brown,* 344 S.C. 302, 543 S.E.2d 568 (Ct.App. 2001) and *Horry County v. Parbel,* 378 S.C. 253, 662 S.E.2d 466 (Ct.App.2008) to the extent they hold that Rule 74 has no application to criminal convictions appealed to the circuit court.

2. *See, e.g., State v. Tumbleston,* 376 S.C. 90, 654 S.E.2d 849 (Ct.App. 2007).

The State failed to ask the circuit judge to reconsider her subject matter jurisdiction ruling before appealing the order to this Court. Accordingly, it has failed to preserve any issue related to that ruling for our review. *See City of Rock Hill v. Suchenski*, 374 S.C. 12, 646 S.E.2d 879 (2007) (holding Rule 59(e) applies to circuit court sitting in appellate capacity to review criminal convictions); *State v. Bailey*, 368 S.C. 39, 626 S.E.2d 898 (Ct.App.2006), *cert. denied*, March 8, 2007 (circuit court's appellate error must be called to its attention by petition for rehearing in order to be preserved for further appellate review).

## CONCLUSION

The order dismissing the charge against respondent is

**AFFIRMED.**

KITTREDGE and HEARN, JJ., concur.

TOAL, C.J., dissenting in a separate opinion in which BEATTY, J., concurs.

Chief Justice TOAL.

I respectfully dissent. To my mind, issue preservation should be no bar to the judge's erroneous ruling on subject matter jurisdiction. Our case law is clear that a judge's erroneous assumption of jurisdiction, be it an explicit finding of jurisdiction or assumed jurisdiction, may be raised at any time on appeal and addressed *de novo* by the appellate court without regard to our customary issue preservation require- ments. *See In re November 4, 2008 Bluffton Town Council Election*, 385 S.C. 632, 637, 686 S.E.2d 683, 686 (2009) ("Issues related to subject matter jurisdiction may be raised at any time."); *Arnal v. Fraser*, 371 S.C. 512, 517 n. 2, 641 S.E.2d 419, 421, n. 2 (2007); *Carter v. State*, 329 S.C. 355, 362, 495 S.E.2d 773, 777 (1998). I see no reason why a judge's erroneous ruling that she lacks subject matter jurisdiction should be treated differently from an erroneous ruling that she has subject matter jurisdiction. Here, the circuit court clearly had subject matter jurisdiction over this matter, and I

would remand the case for the circuit court to exercise that jurisdiction.

BEATTY, J., concurs.