**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Carol Goodson-Eaddy, Appellant,

v.

Travien L. Capers, Gregory A. Brown, Robert Davis, Herbert Bell, James Randolph, Jr., Harry Thompson, James Brown, Frank M. Jones, Edwin L. Rivers, Sr., Lever Thompson, Jr., Fred Davis, Harry L. Jones, Sr., David J. Clarkson, Larry B. Brown, Grady Wilson, and Dorothy B. Adams, Respondents.

Appellate Case No. 2016-000989

_____

Appeal From Richland County
G. Thomas Cooper, Jr., Circuit Court Judge

_____

Unpublished Opinion No. 2018-UP-319
Submitted June 1, 2018 – Filed July 11, 2018

_____

**AFFIRMED**

_____

Page McAulay Kalish and Hammond A. Beale, Jr., of Palmetto Law Center, P.C., of Columbia, for Appellant.

Peter E. Farr, of Murphy & Grantland, PA, of Columbia, for Respondents.

_____

**PER CURIAM:**  Appellant Carol Goodson-Eaddy (Eaddy) initiated this action against Respondents for defamation and intentional infliction of emotional distress (IIED).  Respondents include the pastor, deacons, and trustees of Zion Benevolent Baptist Church (the Church) who voted to excommunicate Eaddy from the Church. Eaddy claims the circuit court erred by granting summary judgment in Respondents' favor because the ecclesiastical doctrine did not rob the circuit court of subject matter jurisdiction and she presented sufficient evidence to withstand summary judgment for each cause of action.  We affirm.

Eaddy makes multiple subject matter jurisdiction arguments.  First, Eaddy argues the ecclesiastical doctrine, as explained by our supreme court in *Pearson*,[1] does not apply here because the Church is a congregational church, rather than a hierarchical church.  We find Eaddy failed to preserve this argument because the circuit court did not rule on it and Eaddy failed to file a Rule 59(e), SCRCP motion.  *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the [circuit court] to be preserved for appellate review."); *Chastain v. Hiltabidle*, 381 S.C. 508, 515, 673 S.E.2d 826, 829 (Ct. App. 2009) ("When an issue is raised to but not ruled upon by the [circuit] court, the issue is preserved for appeal only if the party raises the same issue in a Rule 59(e) motion.").

Next, Eaddy argues the ecclesiastical doctrine is inapplicable in this case because Respondents were not properly elected to serve in their positions according to the procedures set forth in the Church's constitution and bylaws.  Specifically, Eaddy claims, because Respondents were not properly elected to their positions in the Church, the alleged defamatory statements were not made in the context of church discipline or administration and, thus, the circuit court had subject matter jurisdiction.  This argument is dependent on whether Respondents were properly elected under the Church's constitution and bylaws.  As with Eaddy's first argument, the circuit court failed to rule on this issue.  The circuit court's subject matter jurisdiction ruling was limited to its determination the statements made in the August 30, 2014 letter and during the September 2014 meeting related to church discipline and administration.  The circuit court failed to issue any ruling as to whether Respondents were properly elected to their official positions.  Because the circuit court failed to rule on whether Respondents were properly elected to their official positions with the Church and Eaddy failed to file a Rule 59(e) motion, this argument is unpreserved.  *See Atl. Coast Builders & Contractors, LLC*

---

[1] *Pearson v. Church of God*, 325 S.C. 45, 478 S.E.2d 849 (1996).

*v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) (noting our error preservation rules serve to ensure "we do not reach issues which were not ruled upon by the [circuit] court").

Furthermore, although a party or court may raise the issue of subject matter jurisdiction at any time, including for the first time on appeal, once jurisdiction became an issue with the circuit court Eaddy was required to properly preserve any jurisdictional arguments. *See State v. Oxner*, 391 S.C. 132, 134, 705 S.E.2d 51, 52 (2011) ("Even though subject matter jurisdiction may be raised at [any time], there is no error preservation exception allowing a party to bypass calling an erroneous ruling to the attention of the tribunal making it before appealing that ruling to a higher court."); *id*. at 134–35, 705 S.E.2d at 52 (finding an argument relating to subject matter jurisdiction unpreserved because the appellant failed to file a Rule 59(e) motion challenging the circuit court's sua sponte jurisdictional ruling); *Dunlap & Dunlap v. Zimmerman*, 188 S.C. 322, 330, 199 S.E. 296, 299 (1938) (finding once a party raises the issue of subject matter jurisdiction to a court a party must preserve its jurisdictional arguments for subsequent appeals and its "failure to do so forecloses the right to again raise it").

Accordingly, Eaddy failed to preserve her two subject matter jurisdiction arguments because the circuit court did not rule on them, and Eaddy failed to file a Rule 59(e) motion.[2]

**AFFIRMED.**[3]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[2] We decline to rule on Eaddy's remaining issues because our decision on the circuit court's subject matter jurisdiction ruling is dispositive. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (explaining an appellate court need not address remaining issues when disposition of a prior issue is dispositive).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.