### 20479

Helen O. CAMP, Respondent, v. Edmond W. CAMP, III, Appellant.

(236 S. E. (2d) 814)

*Saleeby, Cox, Driggers* and *Bledsoe,* of Hartsville, *for Appellant.*

*Zeigler* and *McEachin,* of Florence, *for Respondent.*

August 3, 1977.

Per Curiam:

This matter is before us on appeal from the order of the Honorable W. H. Caldwell, Sr., Judge of the Family Court of Florence County. The defendant (husband and father) alleges error on the part of the lower court in ordering the payment of $390.00 every two weeks to the wife for support of herself and the children, and in ordering payment of educational insurance and in ordering the creation of a trust to assure education of the children of the parties.

A review of the record convinces us that a full written opinion, discussing the issues, would serve no precedential value and that no error of law appears. We dismiss the appeal under Rule 23 of our Rules of Practice.

While dismissing the case under Rule 23, it is in order to call the attention of the bench and bar to the fact that this Court will closely scrutinize the facts of any case wherein a husband and father voluntarily changes employment so as to lessen his earning capacity and, in turn, his ability to pay alimony and child support monies. The trial judge has ordered payment in keeping with the ability of the defendant to earn and pay, though not necessarily in keeping with his new income status.

The lower court found:

"I find that subsequent to defendant's deserting his family he has voluntarily depressed his income. I also find that he

is not limited to his salary, but is permitted to engage in private practice of psychiatry."

·This matter is discussed in 24 Am. Jur. (2d), *Divorce and Separation* § 632:

"Where the husband has voluntarily relinquished a well-paying practice and has taken a position at a modest salary, the court may base the amount of alimony upon his capacity to earn money, or upon his prospective earnings."

The amount which the lower court ordered the defendant to continue paying is the same amount he agreed to pay prior to his change of employment.

Affirmed.