22726

Michael J. KIRYLIK, Sr., Appellant v. Alice M. KIRYLIK, Respondent.

(357 S. E. (2d) 449)

Supreme Court

*Jack L. Schoer,* Aiken, *for appellant.*

*Charles E. Simons, III,* Aiken, *for respondent.*

Heard April 21, 1987.

Decided May 26, 1987.

LITTLEJOHN, Acting Justice:

Appellant (Father) petitioned to hold respondent (Mother) in contempt, alleging she violated a child visitation order. The family court dismissed the petition, reasoning that Delaware was the more appropriate jurisdiction in which to consider child custody matters. We affirm.

## FACTS

The parties were married in Delaware in 1977. They moved to Aiken so that Father could take a job as an engineer at the Savannah River Plant. Their only child, Michael, was born in 1984.

The parties separated in May 1985. Mother and the child moved to Wilmington, Delaware, to live with Mother's parents. The South Carolina Family Court granted Mother custody of the child and specified a visitation schedule for Father by an order of October 10, 1985. Thereafter, the court granted Mother a divorce on the grounds of physical cruelty and habitual drunkenness and reaffirmed its earlier custody order. Mother had the custody order registered in Delaware pursuant to the terms of the Uniform Child Custody Jurisdiction Act (UCCJA). 13 Del.C. § 1913.

In November 1985, Mother petitioned the Delaware Family Court to assume jurisdiction to modify Father's visitation schedule. Father moved to dismiss. In an intermediate order the Delaware court held that, pursuant to the UCCJA, Delaware had become the child's "home state," and that it was in his best interests that Delaware assume jurisdiction for any modification of the visitation schedule. The record does not show the outcome of the action to modify visitation.

Thereafter, Father filed a petition in South Carolina alleging Mother twice had refused to permit him to exercise visitation. The family court, after reviewing the Delaware order, declined to exercise jurisdiction to consider contempt.

## ISSUE

Whether the family court erred in declining to consider Father's petition to hold Mother in contempt.

## DISCUSSION

Father concedes that "South Carolina might properly decline jurisdiction to Delaware concerning the modification of the custody award." *See* S. C. Code Ann. §§ 20-7-788 and 20-7-810 (1985). However, he distinguishes the family court's power to *modify* a decree from its power to *enforce* its prior order by contempt.

Even if a court loses jurisdiction to modify its prior orders under the UCCJA, it retains the inherent power to enforce compliance with them through civil

contempt. *Commw. ex rel. Taylor v. Taylor*, 332 Pa. Super. 67, 480 A. (2d) 1188 (1984). However, we hold it was within the family court's discretion whether or not to exercise jurisdiction in this action. As noted above, the South Carolina custody order was registered in Delaware pursuant to the UCCJA. Under 13 Del. C. § 1913, which is identical to S. C. Code Ann. § 20-7-812 (1985):

> (a) A certified copy of a custody decree of another state may be filed in the office of the clerk of any family court of this State. The clerk shall treat the decree in the same manner as a custody decree of the family court of this State. *A custody decree so filed has the same effect and shall be enforced in like manner as a custody decree rendered by a court of this State.*
> (b) A person violating a custody decree of another state which makes it necessary to enforce the decree in this State may be required to pay necessary travel and other expenses, including attorneys' fees, incurred by the party entitled to custody or his witnesses. [Emphasis supplied].

Accordingly, Father has a forum in Delaware to seek contempt for the violations he alleges. The provision for costs minimizes any hardships. A modification action was pending in Delaware at the time the South Carolina court declined to exercise jurisdiction. The court's decision will avoid the potential of conflicting decrees of two states in this matter. This is what the UCCJA was enacted to accomplish. *See* S. C. Code Ann. § 20-7-784 (1985).

Affirmed.

NESS, C. J., and GREGORY, HARWELL and FINNEY, JJ., concur.