1276

Charlotte Kull LUTHI, Respondent v. Perry Stanton LUTHI, Sr., Appellant.

(376 S. E. (2d) 782)

Court of Appeals

*James R. Mann*, Greenville, *for appellant.*

*O. W. Bannister, Jr., Hill, Wyatt & Bannister*, Greenville, *for respondent.*

Submitted Nov. 16, 1988.

Decided Jan. 16, 1989.

SHAW, Judge:

Respondent, Charlotte Kull Luthi, brought this action against her former husband, Perry Stanton Luthi, seeking, among other things, payment of an equitable division award plus interest. From an order requiring Mr. Luthi to pay interest on the equitable division award, Mr. Luthi appeals. We affirm in part and reverse in part.

Pursuant to a May 11, 1984 divorce decree, Mrs. Luthi obtained a $300,000 cash equitable division award to be paid by Mr. Luthi in three specified $100,000 installments. The decree prohibited the accrual of interest on these sums prior to payment. Both parties appealed the equitable division award.

On May 31, while the appeal was pending, Mrs. Luthi moved to enter judgment on her equitable division award so as to start the legal rate of interest accruing. On June 4, 1984, she also filed a Petition and Rule to Show Cause seeking to hold Mr. Luthi in contempt for failure to pay the first $100,000 installment which was due April 23, 1984. The trial judge in the contempt action held the appeal stayed the equitable division award and refused to hold Mr. Luthi in contempt.

On August 13, 1984, Judge Daniel McEachin ruled the monetary equitable division award was a properly enrolled money decree and judgment pursuant to § 34-31-20, Code of Laws of South Carolina, 1976, and that the award should draw interest at the legal rate of 14% per annum. Judge McEachin's order was not appealed.

This court filed its opinion in June of 1986 generally affirming the equitable division award. *See Luthi v. Luthi,* 289 S. C. 489, 347 S. E. (2d) 102 (Ct. App. 1986). In November, 1986, Mrs. Luthi petitioned for payment of the $300,000 plus interest. Mr. Luthi answered and cross-petitioned denying he should be required to pay interest. He further sought a division of the household furnishings. On June 30, 1987, Judge Albert L. Kleckley issued his order concluding, as a matter of law, Judge McEachin's unappealed order was the law of the case and interest must be paid on the equitable division award at the rate of 14%. He further ordered a division of the household furniture. From this order, Mr. Luthi appeals.

While ordinarily failure to appeal an appealable order precludes further review, *Professional Bankers Corp. v. Floyd,* 285 S. C. 607, 331 S. E. (2d) 362 (Ct. App. 1985), an order affecting equitable division entered while the award is on appeal is void for lack of jurisdiction to enter it. *Lassiter v. Lassiter,* 291 S. C. 136, 352 S. E. (2d) 486 (1987); *Chris v. Chris,* 287 S. C. 161, 337 S. E. (2d) 209 (1985). Because Judge McEachin's order is void for lack of jurisdiction, Judge Kleckley's order must be reversed.

In regard to the issue of the division of household furniture, we find Mr. Luthi's argument meritless and therefore affirm that portion of the order under § 14-8-250, South Carolina Code of Laws (Supp. 1987).

Affirmed in part and reversed in part.

BELL and CURETON, JJ., concur.