1773

William E. CATHCART, Appellant-Respondent v. Lee R. CATHCART, Respondent-Appellant.

(414 S.E. (2d) 811)

Court of Appeals

---

*Edmund H. Monteith,* of *Monteith & Monteith,* Columbia, *for appellant-respondent.*

*Kermit S. King,* of *King & Vernon,* Columbia, *for respondent-appellant.*

Heard Jan. 14, 1992.

Decided Feb. 24, 1992.

GOOLSBY, Judge:

In this domestic case, the issues on appeal are whether the family court erred in holding it was without jurisdiction to terminate alimony, in finding Lee R. Cathcart (hereafter "the mother") did not enter into a common-law marriage with another man, in determining the parties' separation agreement does not require William E. Cathcart (hereafter "the father") to pay the costs of educating the parties' daughters at Midlands Technical College, and in ordering the father to pay only

$1,500 of the mother's attorney fees. Both the father and the mother appeal. We affirm in part, reverse in part, and remand.

## I.

The parties entered into a settlement agreement that was adopted and merged into their 1984 divorce decree. The agreement required the father to pay the mother $700 a month in alimony either for fifteen years or until she remarried or died. It also declared the amount of alimony to be nonmodifiable and stated "neither the Family Court nor any other Court shall have jurisdiction to maintain any action or proceeding for modification or change of alimony...."

The family court correctly held it was without jurisdiction to terminate alimony either because of a change of circumstances or because of the mother's alleged meretricious relationship with a man who lives in a small house on her property. The separation agreement, approved by the court, expressly deprives the court of jurisdiction over the issue of either modification or change in the father's duty to pay alimony. *Moseley v. Mosier*, 279 S.C. 348, 306 S.E. (2d) 624 (1983); *see Croom v. Croom*, — S.C. —, 406 S.E. (2d) 381 (Ct. App. 1991) (even though the wife was living with another man, the parties' separation agreement, which was merged into the decree, was binding on the parties and the court where the agreement provided alimony would terminate upon the occurrence of three specific events and would be nonmodifiable by the court).

## II.

We find no error in the family court's determination that the father failed to prove the mother entered into a common-law marriage with the man who lives on her property. There is evidence they did not intend to be married.

The mother and other man did not refer to each other as husband and wife. Both testified they had no intent to be married to each other. Indeed, the man testified he dated other women. Additionally, they did not file joint tax returns, did not have a joint bank account, and did not receive mail at the same address. *See Ex parte Blizzard*, 185 S.C. 131, 193 S.E. 633 (1937) (a valid common-law marriage requires that the

facts and circumstances show an intention on the part of both parties to enter into a marriage contract, usually evidenced by a public and unequivocal declaration by the parties).

## III.

The family court erred in determining the following provision found in the parties' separation agreement does not require the father to pay for his daughters' educations at Midlands Technical College, an educational institution that does not offer a four-year degree:

> [The parties] . . . agree that [the father] shall pay for the costs of a four (4) year undergraduate college education for each of the two (2) minor children of the parties. . . .

The terms of the parties' agreement, being clear and unambiguous, must be given their plain meaning. *United Dominion Realty Trust, Inc. v. Wal-Mart Stores, Inc.*, 413 S.E. (2d) 866, — (S.C. Ct. App. 1992) (Davis Adv. Sh. No. 2 at 26). The terms do nothing more than require the father, at most, to pay the costs of four years of college education at the undergraduate level for each of his daughters. The costs of attending a college that offers less than a four-year undergraduate degree are embraced within this requirement.

## IV.

We remand the issue of attorney fees for redetermination in light of our reversal of the family court's conclusion that the parties' settlement agreement does not require the father to pay for his daughters' college educations at Midlands Technical College. Because the family court expressly linked the attorney fee award to the beneficial results obtained by the parties in the litigation, the amount of the award merits reexamination by the family court. *See Atkinson v. Atkinson*, 279 S.C. 454, 309 S.E. (2d) 14 (Ct. App. 1983) (a factor to consider in awarding attorney fees is beneficial results accomplished).

Affirmed in part, reversed in part, and remanded.

SHAW, J., and LITTLEJOHN, Acting J., concur.