636 S.E.2d 864

**Laura Lawton ARNAL, Petitioner,**

v.

**David Emil ARNAL, Respondent.**

**No. 26215.**

Supreme Court of South Carolina.

Heard Sept. 19, 2006.
Decided Oct. 23, 2006.

---

Donald B. Clark, Susan C. Rosen, and Robert N. Rosen, both of Rosen Law Firm, all of Charleston, for Petitioner.

Sally G. Calhoun, of Beaufort, for Respondent.

Justice PLEICONES.

We granted certiorari to review the Court of Appeals' decision reversing the family court's imputation of income to respondent. *Arnal v. Arnal*, 363 S.C. 268, 609 S.E.2d 821 (Ct.App.2005). We affirm the Court of Appeals as modified.[1]

---

1. We dismiss certiorari as improvidently granted on the issues concerning equitable division, exclusion of evidence, and additional visitation.

## FACTS

A complete recitation may be found in the Court of Appeals' opinion. For purposes of this opinion, we briefly set forth the salient facts below.

Petitioner (Mother) and Respondent (Father) married in 1995. Shortly after the birth of their son, the parties separated in late 1999. After protracted and contentious litigation, the family court issued a final order in 2001.

In its final order, the family court imputed income[2] of $9,060.62 per month to Father for purposes of calculating child support. Father and his financial expert had testified that his monthly income, minus business expenses, totaled roughly $4,000 per month.

The Court of Appeals reversed the imputation of income, finding that Father was not voluntarily underemployed. In making this finding, the Court of Appeals emphasized the lack of any evidence that Father's failure to earn additional income was due to a bad faith motivation to decrease his support obligation. *Arnal*, 363 S.C. at 281, 609 S.E.2d at 828.

## ISSUE

Did the Court of Appeals err in reversing the family court's imputation of income to Father for the purposes of calculating child support?

## ANALYSIS

■ The Court of Appeals, exercising its own view of the facts,[3] correctly held that Father had not voluntarily lessened his earning capacity and reversed the family court's decision

---

2. Income may be imputed upon a finding that a party has voluntarily rendered himself underemployed. *See* 27 S.C.Code Ann. Regs. 114–4720(A)(5), amended by State Register Volume 30, Issue 6, effective June 23, 2006.

3. *See Allen v. Allen*, 287 S.C. 501, 503, 339 S.E.2d 872, 873 (Ct.App. 1986) (stating Court of Appeals has jurisdiction in equity matters to find facts based on its own view of the evidence). In this case, the Court of Appeals also made a factual finding concerning Father's deductible business expenses and determined that Father's yearly income totaled $59,010, or $4,917.50 per month.

to impute income to Father. We affirm this finding but modify it to the extent that the Court of Appeals' opinion may be read to require a bad faith motive as a prerequisite to proof of voluntary underemployment.[4]

The motive behind any purported reduction in income or earning capacity should be considered, but prior South Carolina appellate decisions do not preclude a finding of voluntary underemployment in instances where a spouse reduces his earning capacity without doing so in bad faith. *See Rimer v. Rimer*, 361 S.C. 521, 605 S.E.2d 572 (Ct.App.2004) (affirming, without any discussion of bad faith, the imputation of minimum wage to stay-at-home mother who had to return to work after divorce); *Robinson v. Tyson*, 319 S.C. 360, 461 S.E.2d 397 (Ct.App.1995) (applauding Father's "charitable resolve" as a lawyer for indigent clients while nevertheless imputing income due to husband's voluntary underemployment); *Kelley v. Kelley*, 324 S.C. 481, 477 S.E.2d 727 (Ct.App. 1996) (affirming a finding of voluntary underemployment despite evidence that husband acted in good faith in leaving job as an accountant and later working as a delivery manager of telephone directories); and *Engle v. Engle*, 343 S.C. 444, 539 S.E.2d 712 (Ct.App.2000) (noting that mother's decision to pursue graduate degree was "admirable" but nonetheless imputing income because she voluntarily decreased her earning capacity in pursuit of her education).

Accordingly, a parent seeking to impute income to the other parent need not establish a bad faith motivation to lower a support obligation in order to prove voluntary underemployment. The presence of bad faith is a factor in determining whether a parent is voluntarily underemployed, but the lack of such bad faith does not preclude a finding of voluntary underemployment.

We agree with the Court of Appeals that Father has not voluntarily lessened his earning capacity so as to justify the

---

4. The Court of Appeals' recent opinion, *LaFrance v. LaFrance*, 636 S.E.2d 3 (S.C.Ct.App. 2006), also seems to require proof of a bad faith motivation to avoid a support obligation prior to a finding of voluntary underemployment. We overrule those portions of that opinion inconsistent with our holding today.

14

imputation of income due to voluntary underemployment. The decision of the Court of Appeals is

**AFFIRMED AS MODIFIED.**

TOAL, C.J., MOORE, WALLER and BURNETT, JJ., concur.