641 S.E.2d 419

**David ARNAL, Appellant,**

v.

**Laura Lawton FRASER, Respondent.**

**No. 26253.**

Supreme Court of South Carolina.

Submitted Dec. 7, 2006.

Decided Jan. 22, 2007.

Rehearing Denied March 7, 2007.

See also, 363 S.C. 268, 609 S.E.2d 821.

514

David Emil Arnal, of Marietta, GA, pro se.

Donald B. Clark, Susan C. Rosen, and Robert N. Rosen, all of Rosen Law Firm, LLC, of Charleston, for Respondent.

Ralph E. Tupper, of Tupper Grimsley, Dean, PA, of Beaufort, for Guardian Ad Litem.

PER CURIAM:

We certified David Arnal's (Father's) four appeals pursuant to Rule 204(b), SCACR, and consolidated them for briefing purposes. Father raises six issues arising out of four family court orders. We affirm in part and reverse in part.

## FACTS

Father and Laura Lawton Fraser (Mother) were divorced by order of the family court on October 17, 2001. The amended final order awarded custody of the parties' minor child, Samuel, to Mother, granted visitation to Father, required Father to pay child support, divided marital property, and addressed all other issues between the parties.

Father and Mother cross-appealed a total of sixteen issues arising out of the amended final order, and the Court of Appeals resolved these issues in *Arnal v. Arnal*, 363 S.C. 268, 609 S.E.2d 821 (Ct.App.2005). Mother petitioned this Court, and we granted certiorari to address five issues from the Court of Appeals' decision. This Court affirmed the Court of Appeals with modification in *Arnal v. Arnal*, Op. No. 26215, 371 S.C. 10, 636 S.E.2d 864 (2006) ("first appeal").

While the first appeal was pending, Father filed the current action (Case No. 2003–DR–07–183) in the Beaufort County family court on February 10, 2003. In his complaint, Father requested modification of his child support obligation and asked for more control over health-care decisions for Samuel, who has Down's syndrome.

After this action was filed in February 2003, numerous hearings have been held to address emergency motions and rule to show cause actions filed by both parties. The four appealed orders stem from these hearings.

The first order suspended Father's overnight visitation upon Mother's motion. Mother alleged Father violated previous court orders[1] by failing to videotape the administration of medications to Samuel.

The second order addressed Mother's claim that Father failed to reimburse Samuel's uncovered medical expenses as required by the final divorce order. The family court found Father owed Mother for uncovered medical expenses previously incurred, and the court ordered both parents to pay in advance for language tutoring and other educational expenses.

In the third order, the family court found Father to be in contempt for (a) failing to provide proof of valid life insurance as required by the amended final order; (b) failing to comply with a prior order compelling discovery; and (c) failing to comply with prior orders requiring Father to videotape medicine administration. The court then sentenced Father to a period of incarceration not to exceed six months for each finding of contempt but allowed Father to purge these sentences by complying with the prior orders.

One of the conditions attached to Father's purging of his contempt sentence was, "If Father fails to provide the required video to Mother on any occasion within the following twelve (12) months after the issuance of this order, a warrant shall be issued for his arrest for failure to meet the conditions to purge the contempt." Father initially complied with the conditions for purging his contempt sentence and avoided incarceration.

The fourth order appealed by Father was the issuance of a bench warrant for contempt. Based upon affidavits by Mother and the guardian *ad litem* (GAL), the family court found that Father failed to comply with the provisions of the third order by not properly videotaping the medication administration within the twelve month period as required under the third order. The warrant has been stayed while this appeal was pending.

---

1. The previous family court orders requiring videotaping were both issued while the first appeal was pending.

## ISSUES

I. Should the current action (2003–DR–07–183) filed by Father, requesting child support modification and more control in Samuel's health-care decisions, be dismissed for lack of subject matter jurisdiction? If so, should the Court void and vacate all orders issued in this action?

II. Did the family court abuse its discretion by ordering Father to pay uncovered medical expenses as a result of Mother's rule to show cause actions to enforce the final divorce order, when Father claims such expenses were not proper, reasonable, or necessary?

III. Did the family court err by ordering Father to pay educational and other non-medical expenses?

IV. Did the family court abuse its discretion by terminating Father's overnight visitation?

V. Did the family court err in refusing to appoint a medical GAL for Samuel?

VI. Were the contempt sentence and requirements for purging in the third order, along with the subsequent order issuing a bench warrant for Father's arrest, an unconstitutional violation of Father's due process rights?

## ANALYSIS

*Issue I:* Subject Matter Jurisdiction [2]

Both parties briefed the issue of subject matter jurisdiction by analyzing the Uniform Child Custody Jurisdiction Act, S.C.Code Ann. §§ 20–7–782 to –830 (1985) ("UCCJA") and the Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A (2000) ("PKPA"). As discussed below, the jurisdictional issues in this case are governed by Rule 205, SCACR, and by Rule 225, SCACR.

Father contends that the UCCJA and the PKPA prohibit the Beaufort County family court from exercising subject matter jurisdiction over the current modification action. He

---

2. Father raises the issue of subject matter jurisdiction for the first time on appeal. Subject matter jurisdiction may be raised at any time, including on appeal. *State v. Downs,* 361 S.C. 141, 604 S.E.2d 377 (2004).

argues that all orders should be voided and vacated because, by the time this action was filed in February 2003, Father had moved to Georgia while Mother and Samuel lived in North Carolina. We disagree.

Both the PKPA and the UCCJA govern jurisdictional disputes between courts of different states when multiple states claim jurisdiction over a custody or child visitation dispute.[3] In this case, however, no other state is competing with South Carolina for jurisdiction, and the current action does not include a child custody dispute. Instead, both parties rely on a Court of Appeals decision which addressed subject matter jurisdiction under the PKPA and UCCJA in a situation similar to the present case, i.e. neither parents nor child resided in South Carolina and no other state was competing for jurisdiction. *Widdicombe v. Tucker-Cales*, 366 S.C. 75, 620 S.E.2d 333 (Ct.App.2005). However, *Widdicombe* only addressed custody, whereas custody has never been an issue in this case or in the first appeal.

Neither the PKPA nor the UCCJA apply to the specific issues raised here. The jurisdictional issues in this case are governed by Rule 205 and by Rule 225, SCACR.

■ Rule 205, SCACR, provides the appellate court with exclusive jurisdiction over matters on appeal. The lower court may only proceed with matters not affected by the appeal. Rule 225(a), SCACR, in governing matters which are stayed while on appeal, provides:

> As a general rule, the service of a notice of appeal in a civil matter acts to automatically stay matters decided in the order on appeal, and to automatically stay the relief ordered in the appealed order, judgment, or decree. This automatic stay continues in effect for the duration of the appeal unless lifted by order of the trial judge, appellate court, or judge or

---

**3.** *See* 28 U.S.C. 1738A(a); S.C.Code Ann. § 20-7-788(a) ("A court of this State which is competent to decide *child custody matters* has jurisdiction to make a child custody determination by initial or modification decree if ...") (emphasis added); *Clay v. Burckle*, 369 S.C. 651, 633 S.E.2d 173 (Ct.App.2006) ("The PKPA and UCCJA govern the subject matter jurisdiction of state courts to rule in *interstate* custody disputes.") (emphasis added); *Kirylik v. Kirylik*, 292 S.C. 475, 477, 357 S.E.2d 449, 450 (1987) (stating that UCCJA was enacted to prevent conflicting custody decrees between different states).

justice thereof. **The lower court retains jurisdiction over matters not affected by the appeal including the authority to enforce any matters not stayed by the appeal.** (emphasis added). Under Rule 205 and the last sentence of the above-quoted portion of Rule 225, the lower court may not act or issue orders that affect an issue on appeal.[4] Under Rule 225, the lower court may act only to enforce matters not stayed by the appeal.

Because Father's payment of child support and medical expenses as required by the final divorce order were not stayed by the appeal,[5] the family court retained jurisdiction to enforce those payments. However, the family court did not have jurisdiction to *modify* matters in the final divorce order that were on appeal. Rule 205, SCACR; *See also Wingate v. Wingate*, 289 S.C. 574, 347 S.E.2d 878 (1985) (because alimony was an issue on appeal from the divorce decree, the Court had exclusive jurisdiction over the alimony issue, and the family court was without jurisdiction to change the amount of alimony during the pending appeal).

Accordingly, we cannot say that all orders in the present action are void for a lack of subject matter jurisdiction. Each contention made by Father must be analyzed to determine whether the family court's decision was affected by a matter on appeal or whether Mother simply sought to enforce the amended final order.

*Issue II:* Uncovered Medical Expenses

In the final divorce order, Mother was given complete authority to make all decisions regarding Samuel's medical and educational needs. Father was required to pay his pro-rata share of 64.4% of the uncovered medical expenses. Because this payment was not stayed pursuant to Rule 225(b)(6), SCACR, Father was required to pay these medical expenses, and the family court retained jurisdiction to enforce this provision during the appeal.

---

4. A party can always seek a remand from an appellate court if the circumstances of the particular case require it.

5. "Family court orders regarding a child or requiring payment of support for a spouse or child" are exceptions to the automatic stay. Rule 225(b)(6), SCACR.

Although the issue of apportioning medical expenses from the final divorce order was on appeal, Father did not seek to modify his obligation in the present case, and this dispute did not affect a matter on appeal. Instead, Father asked the family court to determine whether the medical expenses previously submitted by Mother were subject to the provisions of the final order. This issue could be addressed by the family court under Rule 205 and under Rule 225, SCACR.

■ Father contends that the order directing him to pay or reimburse Mother for uncovered medical expenses constituted an abuse of discretion. He argues that these medical expenses were not reasonable for several reasons and claims he should not have to pay for unconventional and unnecessary treatment. Father also argues that he should not have to pay medical expenses that are not submitted to insurance providers. We disagree.

After a hearing on the issue of medical expenses, the family court determined that the medical expenses were reasonable and proper under the final divorce order. Father offered numerous reasons why the expenses did not fall under the scope of the final order, and the family court disagreed and ordered Father to pay his required share. Although this Court has the authority to find facts in accordance with its own view of the preponderance of the evidence, we should not disregard the findings of the family court judge, who saw and heard the witnesses. *Hooper v. Rockwell,* 334 S.C. 281, 297, 513 S.E.2d 358, 367 (1999). The family court did not abuse its discretion by finding Father's payment of the requested medical expenses to be enforceable under the final divorce order.

*Issue III:* Educational and Non-medical Expenses

■ The amended final order specifically declined to address educational expenses. Because these types of expenses were not dealt with in the final order, this matter was not affected by the appeal, and Rules 205 and 225, SCACR, would not prohibit the family court from exercising jurisdiction over this issue.

■ Father argues that the family court erred by requiring Father to pay his share of Samuel's educational expenses such

as language and speech tutoring and early education training. We disagree.

The family court did not abuse its discretion by requiring both parents to split the costs for these expenses. The order required both parents to pay for language tutoring and therapist bills in advance, and the family court did not abuse its discretion in finding these expenses appropriate to Samuel's care.

*Issue IV:* Termination of Overnight Visitation

■ Father contends that the family court erred in terminating his overnight visitation for failing to meet the videotaping requirements mandated by the family court. We agree, due to the jurisdictional bar of Rule 205 and Rule 225, SCACR.

The final divorce order set very specific parameters for Father's visitation. Father appealed the portion of the final order to the Court of Appeals concerning summer and holiday visitation. Thus, the family court would not have jurisdiction to modify terms of visitation because the appellate court would have exclusive jurisdiction over the matter on appeal.[6]

The family court modified Father's visitation while the first appeal was pending. By first requiring Father to videotape the administration of medicine as a condition of his visitation, and then by suspending Father's overnight visitation for failure to comply with the videotaping conditions, the family court violated our appellate court rules by issuing orders that were affected by a matter on appeal. Therefore, the order that suspended overnight visitation was void for lack of jurisdiction.

*Issue V:* Medical GAL

■ Father argues the family court erred in refusing to appoint a medical GAL. We disagree.

---

6. Although conditions of visitation and the grant of additional summer and holiday visitation may not appear to be the same matter being addressed on appeal, the decisions both of the Court of Appeals and of this Court in the first appeal were impacted by the suspension of overnight visitation in deciding whether to award Father additional summer and Easter visitation. The Court of Appeals noted that Father had not been exercising overnight visitation in its opinion, while the suspension of overnight visitation came before this Court at oral argument during the first appeal.

522

The authority to appoint a GAL solely for medical determinations comes from S.C.Code Ann. § 20–7–1545 (Supp.2005). That statute gives the family court absolute discretion in determining who will serve as a GAL. Furthermore, the family court may appoint a GAL without consent of both parties when "the court will likely not be fully informed about the facts of the case and there is a substantial dispute which necessitates a guardian ad litem." S.C.Code Ann. § 20–7–1545(A)(1).

Under S.C.Code Ann. § 20–7–1549 (Supp.2005), the duties and responsibilities of a GAL already include authority to review medical records and the duty to conduct an independent, balanced, and impartial investigation of facts relevant to the situation of the child and the family. Accordingly, the failure of the family court to appoint a GAL strictly for medical advisement did not constitute an abuse of discretion.

*Issue VI:* Civil Contempt and Conditions of Purging

■ Father contends that the contempt sentence and purging provisions of the two orders by Judge Creech are unconstitutional violations of Father's rights. We believe the contempt sentence was improperly based on an order for which no jurisdiction existed under Rule 225, SCACR. Therefore, we reverse the finding of contempt, but we decline to address Father's constitutional arguments.

■ The finding of contempt against Father stems from his repeated failure to properly videotape the administration of Samuel's medicine. As previously discussed, the initial order requiring Father to videotape the giving of medicine is void for lack of jurisdiction because that order modified the terms of Father's visitation, an issue which was being appealed. Father cannot be held in contempt for violating an order which was void *ab initio* for a lack of jurisdiction. *See Luthi v. Luthi*, 297 S.C. 306, 376 S.E.2d 782 (Ct.App.1989) (during husband's appeal of an equitable division award to former wife, the lower court's order that the monetary equitable division award to former wife was a properly enrolled money judgment was void for lack of jurisdiction; as a result, the subsequent order awarding interest on the judgment was also invalid).

Because the contempt issue can be resolved without reaching Father's due process claims, we decline to address the constitutional issues raised by Father. It is our firm policy to decline to rule on constitutional issues unless such a ruling is required. *In re McCracken*, 346 S.C. 87, 551 S.E.2d 235 (2001).

## CONCLUSION

The four appealed orders in this case are not automatically void pursuant to the UCCJA and the PKPA. Our appellate court rules control whether the issues were properly before the family court while the first appeal was pending. We affirm the family court's order requiring Father to pay his share of medical expenses, and we affirm the order requiring both parents to share non-medical and educational expenses. We also affirm the denial of Father's request for a medical GAL. Finally, we reverse the suspension of Father's overnight visitation, and we also reverse the finding of contempt for violating an order that was void for lack of jurisdiction.

**AFFIRMED IN PART; REVERSED IN PART.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.