THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.  
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Angela W.
 Childers, Respondent,
 
 
 

v.

 
 
 
 James R.
 Childers, Appellant.
 
 
 

Appeal From Beaufort County
Peter L. Fuge, Family Court Judge

Unpublished Opinion No. 2012-UP-337  
Submitted May 1, 2012 – Filed May 30, 2012

AFFIRMED

 
 
 
 H. Fred Kuhn, Jr., of Beaufort, for
 Appellant.
 Kenneth L. Tootle, of Beaufort, for
 Respondent.
 
 
 

PER CURIAM: James R. Childers (Husband) appeals a family court
 order modifying a divorce decree entered between him and Angela W. Childers
 (Wife).  On appeal, Husband argues the family court erred in (1) calculating
 his new child support obligation and arrearage in child support, (2) ordering
 him to pay $6,446.70, representing half of his daughter's college expenses, and
 (3) ordering him to pay $5,000.00 of Wife's attorney's fees.  We affirm[1] pursuant to Rule 220(b), SCACR, and the
 following authorities: 
1. As to whether the
 family court erred in calculating Husband's new child support obligation and his
 child support arrearage: Widman v. Widman, 348 S.C. 97, 118-19, 557
 S.E.2d 693, 704-05 (Ct. App. 2001) (holding mathematical mistakes must be
 brought to the attention of the family court to be preserved for appeal).
2.  As to whether the
 family court erred in ordering Husband to pay $6,446.70, representing half of
 his daughter's college expenses: Doe v. Doe, 370 S.C. 206, 212, 634
 S.E.2d 51, 55 (Ct. App. 2006) (holding the wife's argument regarding the family court's identification and
 valuation of marital property was not preserved for
 appellate review because she failed to point out the alleged error to the family court in her Rule
 59(e), SCRCP, motion); Arnal v. Arnal, 363 S.C. 268, 299, 609
 S.E.2d 821, 838 (Ct. App. 2005), aff'd as modified, 371 S.C. 10,
 636 S.E.2d 864 (2006) (stating wife failed to preserve claim that family court erred in excluding from
 the final order a parcel of land that was marital property, when, after the final
 order was issued, wife did not file a motion to alter or
 amend judgment raising the issue of the value of parcel to the family court judge).
3. As to whether the
 family court erred in ordering Husband to pay $5,000.00 of Wife's attorney's fees: Lanier v. Lanier, 364 S.C. 211, 215, 612 S.E.2d 456, 458 (Ct. App. 2005) (stating that
 in family court appeals, this court may find facts in agreement with its own
 view of the preponderance of the evidence); Lewis
 v. Lewis, 392 S.C. 381, 394, 709 S.E.2d 650, 656 (2011) (stating
 that the decision to award attorney's fees "'rests within the sound
 discretion of the family court'" (quoting Brunner v. Brunner, 296
 S.C. 60, 62, 370 S.E.2d 614, 616 (Ct. App. 1988))); E.D.M.
 v. T.A.M., 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (providing that
 in deciding whether to award attorney's fees, the family court should consider:
 (1) the parties' ability to pay their own fees; (2) the beneficial results
 obtained by counsel; (3) the respective financial conditions of the parties;
 and (4) the effect of the fee on each party's standard of living); Glasscock
 v. Glasscock, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (holding that
 in determining a reasonable attorney's fee, the family court should consider: "(1)
 the nature, extent, and difficulty of the case; (2) the time necessarily
 devoted to the case; (3) professional standing of counsel; (4) contingency of
 compensation; (5) beneficial results obtained; and (6) customary legal fees for
 similar services"). 
AFFIRMED.
PIEPER, KONDUROS,
 and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.