**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

William Richard Burgess, Appellant,

v.

Rita G. Burgess, Respondent.

Appellate Case No. 2013-000768

———————

Appeal From Spartanburg County
Usha J. Bridges, Family Court Judge

———————

Unpublished Opinion No. 2015-UP-175
Submitted February 1, 2015 – Filed April 1, 2015

———————

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

———————

Kenneth Philip Shabel, of Campbell & Shabel, LLC, of Spartanburg, for Appellant.

N. Douglas Brannon, of Kennedy & Brannon, P.A., of Spartanburg, for Respondent.

———————

**PER CURIAM:** In this domestic action, William Richard Burgess (Husband) appeals from an order of the family court granting Rita G. Burgess (Wife) permanent periodic alimony and an award of attorney's fees. Husband argues the family court abused its discretion in (1) admitting evidence of the amounts

Husband paid under the divorce decree and (2) awarding Wife $3,700 in monthly permanent periodic alimony. Husband further contends the reversal and remand of his alimony obligation would require the reversal and remand of Wife's award of attorney's fees. We affirm in part, reverse in part, and remand.

1. We find the family court did not abuse its discretion in admitting evidence of the amounts Husband paid under the divorce decree. The divorce decree did not prohibit the court from hearing testimony regarding those amounts and the family court was required to consider those expenses. *See* S.C. Code Ann. § 20-3-130(C)(7) (2014) ("In making an award of alimony . . . the court *must* consider and give weight in such proportion as it finds appropriate to . . . the current and reasonably anticipated expenses and needs of both spouses." (emphasis added)); *Robinson v. Tyson*, 319 S.C. 360, 365, 461 S.E.2d 397, 400 (Ct. App. 1995) (stating the language of an agreement depriving the family court of jurisdiction to hear certain issues "must be 'explicit, clear and plain'" (quoting *Moseley v. Mosier*, 279 S.C. 348, 353, 306 S.E.2d 624, 627 (1983))).

2. As to whether the family court abused its discretion in awarding Wife $3,700 in monthly permanent periodic alimony, we find the family court failed to consider all the statutory factors a court must consider in making an award of alimony. *See* S.C. Code Ann. § 20-3-130(C) (2014) (providing "the court *must* consider and give weight in such proportion as it finds appropriate to *all* of the [factors listed under section 20-3-130(C)]" when making an award of alimony (emphasis added)); *Fuller v. Fuller*, 370 S.C. 538, 550, 636 S.E.2d 636, 643 (Ct. App. 2006) (finding it difficult to discern what factors the family court considered in awarding the wife alimony, as the family court only cited the husband's ability to pay and the wife's "need" in awarding alimony); *id.* at 550-51, 636 S.E.2d at 643 (concluding the family court failed to consider all the statutory factors in awarding the wife alimony, and subsequently reversing the alimony award and remanding the matter for a hearing to determine the wife's entitlement to alimony based upon a consideration of all the statutory factors); *Pirri v. Pirri*, 369 S.C. 258, 268, 631 S.E.2d 279, 285 (Ct. App. 2006) (holding the family court abused its discretion when, despite language in its order stating the family court had considered all the statutory factors, the entire decision to deny alimony hinged on a single factor, the length of the marriage). Consequently, we reverse the award of alimony to Wife and remand for a hearing to determine Wife's entitlement to alimony based upon a consideration of all the statutory factors.

3. Given our decision to reverse the award of alimony to Wife and remand for a hearing to determine Wife's entitlement to alimony, we reverse the award of

attorney's fees to Wife and remand that issue to the family court. *See Sexton v. Sexton*, 310 S.C. 501, 503, 427 S.E.2d 665, 666 (1993) (reversing the award of attorney's fees and remanding that issue to the family court because the beneficial results obtained by the wife became undetermined when the issue of alimony was remanded for reconsideration); *E.D.M. v. T.A.M.*, 307 S.C. 471, 477, 415 S.E.2d 812, 816 (1992) (reversing the award of attorney's fees to the wife because, in light of the court's reversal of the alimony award to the wife, the results achieved by the wife's counsel were not beneficial); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (noting six factors for the court to consider in determining attorney's fees, including "beneficial results obtained").

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

**THOMAS, KONDUROS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.