**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Robert M. Richardson, Sr., Appellant,

v.

Jeanne B. Richardson, Respondent.

Appellate Case No. 2016-001231

Appeal From Georgetown County
Wayne M. Creech, Family Court Judge

Unpublished Opinion No. 2018-UP-277
Submitted May 1, 2018 – Filed June 27, 2018

**AFFIRMED**

Mary Amanda Harrelson Shuler, of Whetstone Perkins & Fulda, LLC, of Kingstree, for Appellant.

Ernest Joseph Jarrett, of Jenkinson Jarrett & Kellahan, PA, of Kingstree, for Respondent.

**PER CURIAM:** Robert M. Richardson (Husband) appeals the family court's final divorce order and denial of Husband's motion to reconsider. On appeal, Husband argues the family court erred by (1) finding a 127-acre tract of land (the property) belonging to Jeanne B. Richardson (Wife) was not transmuted and Husband did

not have a special equity interest in the property, (2) awarding Wife fifty percent of the marital assets, and (3) awarding attorney's fees to Wife. We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the property was transmuted or whether Husband obtained a special equity interest in the property: *Stoney v. Stoney*, 421 S.C. 528, 531, 809 S.E.2d 59, 60 (2017) ("[T]he proper standard of review in family court matters is de novo."); *McMillan v. McMillan*, 417 S.C. 583, 590, 790 S.E.2d 216, 220 (Ct. App. 2016) ("[T]his [c]ourt has jurisdiction to find facts in accordance with its own view of the preponderance of the evidence; however, this broad scope of review does not require the [c]ourt to disregard the findings of the family court, which is in a superior position to make credibility determinations." (quoting *Crossland v. Crossland*, 408 S.C. 443, 451, 759 S.E.2d 419, 423 (2014))); *Buist v. Buist*, 410 S.C. 569, 574, 766 S.E.2d 381, 383 (2014) ("The appellant retains the burden to demonstrate the error in the family court's findings of fact."); *Lewis v. Lewis*, 392 S.C. 381, 392, 709 S.E.2d 650, 655 (2011) ("[T]he family court's factual findings will be affirmed unless 'appellant satisfies this court that the preponderance of the evidence is against [such findings].'" (quoting *Finley v. Cartwright*, 55 S.C. 198, 202, 33 S.E. 359, 360-61 (1899))); S.C. Code Ann. § 20-3-630(A)(1) (2014) ("[P]roperty acquired by either party by inheritance, devise, bequest, or gift from a party other than the spouse" is "nonmarital property."); S.C. Code Ann. § 20-3-630(A)(5) (2014) (providing that "any increase in value in nonmarital property, except to the extent that the increase resulted directly or indirectly from efforts of the other spouse during marriage," is also nonmarital property); *Murray v. Murray*, 312 S.C. 154, 157, 439 S.E.2d 312, 314 (Ct. App. 1993) ("[Nonmarital property] may be transmuted (1) if it becomes so commingled with marital property as to be untraceable; (2) if it is titled jointly; or (3) if it is used by the parties in support of the marriage or in some manner so as to evidence an intent by the parties to make it marital property."); *id.* at 157, 439 S.E.2d at 315 ("Transmutation is a matter of intent to be gleaned from the facts of each case. The spouse claiming transmutation . . . must produce objective evidence showing that, during the marriage, the parties themselves regarded the property as the common property of the marriage."); *Fitzwater v. Fitzwater*, 396 S.C. 361, 369, 721 S.E.2d 7, 11 (Ct. App. 2011) (affirming the family court's ruling that property was not transmuted when "the evidence . . . reflect[ed] [that] only cosmetic improvements were made during the marriage, [which] would not have increased the equity"); *Murray*, 312 S.C. at 159, 439 S.E.2d at 316 ("A spouse has an equitable interest in appreciation of property to which [he] contributed during the marriage, even if the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

property is nonmarital."); *McMillan*, 417 S.C. at 591, 790 S.E.2d at 220 ("A party claiming an equitable interest in property . . . bears the burden of proving the property is marital." (quoting *Wilburn v. Wilburn*, 403 S.C. 372, 382, 743 S.E.2d 734, 740 (2013))); *Arnal v. Arnal*, 363 S.C. 268, 294, 609 S.E.2d 821, 835 (Ct. App. 2005) (holding husband had no special equity in nonmarital property despite his testimony regarding the "use of his landscaping designs and his physical labor" when there was "no testimony concerning any actual appreciation in value" of the land), *aff'd as modified,* 371 S.C. 10, 636 S.E.2d 864 (2006).

2. As to the family court's division of the martial estate: *McMillan*, 417 S.C. at 590, 790 S.E.2d at 220 ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." (quoting *Crossland*, 408 S.C. at 451, 759 S.E.2d at 423)); *Sanders v. Sanders*, 396 S.C. 410, 419, 722 S.E.2d 15, 19 (Ct. App. 2011) ("On review, this court looks to the fairness of the overall apportionment, and if the end result is equitable, the fact that this court might have weighed specific factors differently than the family court is irrelevant."); *Avery v. Avery*, 370 S.C. 304, 310, 634 S.E.2d 668, 671 (Ct. App. 2006) ("On appeal, even if this court might have weighed specific factors differently, we will affirm the family court's apportionment so long as it is fair overall."); *Doe v. Doe*, 370 S.C. 206, 214, 634 S.E.2d 51, 56 (Ct. App. 2006) (noting that although "there is . . . no recognized presumption in favor of a fifty-fifty division, [this court] approve[s] equal division as an appropriate starting point for a family court . . . attempting to divide an estate of a long-term marriage."); *Sanders*, 396 S.C. at 419, 722 S.E.2d at 19 (holding when the "[family] court considered all the statutory factors in equitably apportioning the parties' assets" its division was equitable and "was supported by a preponderance of the evidence").

3. As to the award of attorney's fees to Wife: *McMillan*, 417 S.C. at 590, 790 S.E.2d at 220 ("In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." (quoting *Crossland*, 408 S.C. at 451, 759 S.E.2d at 423)); S.C. Code Ann. § 20-3-130(H) (2014) (providing that the family court "may order one party to pay a reasonable amount to the other for attorney['s] fees . . . incurred in maintaining an action for divorce"); *E.D.M. v. T.A.M.*, 307 S.C. 471, 476-77, 415 S.E.2d 812, 816 (1992) (setting forth four factors the family court should consider in determining whether to award attorney's fees: "(1) the party's ability to pay his[ or ]her own attorney's fee[s];  (2) beneficial results obtained by the attorney; (3) the parties' respective financial conditions; [and] (4) [the] effect of the attorney's fee[s] on each party's standard of living"); *Glasscock v. Glasscock*, 304 S.C. 158, 161, 403 S.E.2d 313, 315 (1991) (providing that the family court should consider six factors in determining the reasonableness of attorney's fees: "(1) the

nature, extent, and difficulty of the case; (2) the time necessarily devoted to the case; (3) professional standing of counsel; (4) contingency of compensation; (5) beneficial results obtained; [and] (6) customary legal fees for similar services"); *Burgess v. Burgess*, 407 S.C. 98, 109, 753 S.E.2d 566, 572 (Ct. App. 2014) ("The decision to award attorney's fees is within the family court's sound discretion, and although appellate review of such an award is de novo, the appellant still has the burden of showing error in the family court's findings of fact." (quoting *Lewis v. Lewis*, 400 S.C. 354, 372, 734 S.E.2d 322, 331 (Ct. App. 2012))).

**AFFIRMED.**

**SHORT, WILLIAMS, and HILL, JJ., concur.**